STILZ v. BETHLEHEM SHIPBUILDING CORPORATION, Limited.*

Circuit Court of Appeals, Third Circuit. November 5, 1927.

Rehearing Denied November 21, 1928. No. 3744.

*Certiorari denied 49 S. Ct. 254, 73 L. Ed. —.

Harry B. Stilz, of Philadelphia, Pa., for appellant.

Fraley & Paul, of Philadelphia, Pa. (Henry N. Paul and Henry N. Paul, Jr., both of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Harry B. Stilz, the plaintiff, brought this action against the defendant for injunction and damages for the infringement of his patent, No. 1,006,161, issued to him July 1, 1913. The District Court held that the patent was a meritorious one, but was limited to the specific devices disclosed, and as thus limited it was not infringed by the defendant, and so the bill of complaint was dismissed. The case is here on plaintiff's appeal.

The patent relates to improvements in oil burners. It has seven claims, but only four are in issue, Nos. 1, 5, 6, and 7. Claims 1 and 5 are typical and are as follows:

"1. A nozzle having a small discharge orifice, means immediately adjacent to said orifice for producing a whirling motion in a liquid fluid passing therethrough, a casing surrounding said nozzle and having a restricted discharge port concentric with said orifice and means for causing a gaseous fluid passing through the space within said casing to enter said port in a whirling current."

"5. A liquid spray nozzle having a passage abruptly contracted at one end by a cone shaped surface into a small delivery orifice, a transverse spiral within said passage and resting against the base of said cone shaped surface, a casing surrounding said nozzle and having a restricted discharge port in line with said orifice and means within said casing for whirling a gaseous fluid passing therethrough."

The patent relates to improvements in oil burners, and particularly to the means by which fuel oil is atomized so that it may burn freely in the combustion chamber of a boiler.

The prior art discloses two types of burners known as mechanical atomizers and steam atomizers. The burner covered by the patent in suit is a "steam atomizer" in which steam, air, or other gaseous fluid under pressure is used as an aid to atomization of oil.

In order to utilize oil efficiently to generate steam, it is necessary first to break up the oil into minute particles and to project them in a "fog-like" spray, into the furnace chamber of the boiler. At the same time, it must have the proper amount of air mixed with the spray so that the oxygen of the air will unite with oil and produce perfect combustion. The means ordinarily used to effect this mixture are an atomizer which produces the oil spray and some mechanical arrangement to regulate the admission of the proper amount of air. In the atomizer of the patent oil leaves the inner orifice of the nozzle in a conical spray, and before it can pass through the outer orifice, 19, it is caught by a jet of rotating steam, projected under heavy pressure which strikes the spray of oil tangentially, and is "perfectly atomized" before leaving the outer orifice which is the restricted discharge port of the casing, 17, surrounding the plug, 12. The casing is hollowed out so as to produce an annular passage within which steam is admitted. This causes a violent rotation and secures perfect atomization before the oil reaches the furnace chamber. "In this condition," the patentee says, "the oil mixes with the requisite amount of air just as it reaches the hot refractory wall," 11 in figure 1, "and perfect combustion ensues," as the mixture is projected into the chamber of the furnace.

The alleged novelty in the plaintiff's invention was the means employed to project the steam tangentially into the oil to perfect atomization before it leaves the outer orifice, 19. But in the defendant's device the oil is atomized by being forced through restricted tangential slots or passageways without the assistance of a jet of steam or other gaseous fluid. This is the old and usual method of atomization. The oil is then combined with the oxygen of the air which is admitted under low pressure through a surrounding air register. This produces, as distinguished from the "violent rotation" of the patent, slow rotation of the air and facilitates the intermingling of the oil and air for combustion.

The distinctive and novel features of the patent in suit have no counterpart in the defendant's structure. It does not have a cas-

158

ing, *17*, surrounding the plug, *12*, with "a restricted port *19*," nor any mechanical equivalent therefor. The broad interpretation urged by Mr. Stilz, in order to include the defendant's device within his patent, would bring his within the prior art and invalidate it. The plaintiff urges that the air supplied for combustion in defendant's burner is equivalent to the "gaseous fluid" used for atomization in his device, and that the large furnace opening in the defendant's structure is the equivalent of the "restricted discharge port" in his patent. This interpretation, applied to the plaintiff's patent, would bring it within the disclosures of the Schutte patent, No. 391,865, issued October 30, 1888. The same argument by which Mr. Stilz avoided Schutte in the Patent Office distinguishes his patent from the defendant's device. He said:

"The examiner consistently refuses to give any weight to the word 'small' or 'restricted' in applicant's claims; but it will be seen that the main object of Schutte is to do away with small openings, the oil being atomized mechanically 'and then delivered through a round unobstructed opening of large size.' It will be seen from an inspection of Schutte's drawings, even without reading the specification, that the part C has no counterpart in applicant's burner unless it be the hole through the front wall of the furnace. The part C simply supplies outside air in sufficient quantities to give the proper combustion mixture. * * * Applicant's burner depends upon small orifices and this is just what Schutte tries to avoid."

The patent in suit has been before the United States District Courts for the Southern District of New York, for the Eastern District of Pennsylvania, and the United States Circuit Court of Appeals for the Second Circuit, the Court of Claims, and the Supreme Court. All of these held that Mr. Stilz did not have a broad pioneer patent. He entered a crowded art, and his patent is limited to a narrow range of equivalency, if not to the particular device disclosed. As thus limited the defendant's device does not infringe.

However, the plaintiff's patent, within the limits of its novel disclosures, is meritorious. Mr. Stilz has not only a patent of real worth, but he has carried on this long and difficult litigation with credit and conduct deserving commendation.

Under the law and the facts, we are constrained to affirm the decree of the District Court.