### GOODMAN v. SUPER MOLD CORPORATION OF CALIFORNIA.
#### No. 8851.

Circuit Court of Appeals, Ninth Circuit.
March 23, 1939.

---

Charles E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for appellant.

Percy S. Webster and Roger B. Webster, both of Stockton, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an interlocutory decree of the District Court in a suit for patent infringement holding claims 1, 12 and 13 of patent No. 1,662,035, granted March 6, 1928 to Frank L. Smith and others, claim 4 of patent No. 1,710,804, granted April 30, 1929 to the same patentees, and claims 1 and 2 of patent No. 1,-760,944, granted June 3, 1930 to E. A. Glynn, valid and infringed by appellant.

The claims of the patents alleged to be infringed are combination claims for tire retreading molds for use in the retreading of worn automobile tires. In the process of retreading a tire, the remaining portion of the old tread is first cleaned off, the surface roughened, and then a strip of uncured rubber tapered off on the edges, called a "camel back", is cemented on the tread area of the tire. The tire is then placed in a tire retreading mold and heat and pressure are applied to vulcanize the camel back. This process requires a tire mold containing a matrix with the pattern necessary to give a nonskid surface, and some method of forcing the tire into the matrix under pressure, and for retaining the tread in place until vulcanized by the application of heat. The method employed by the appellee described in each of its patents involved the use of a watch case type mold about the size of the unworn tire against which it was desired to force the uncured rubber tread after cementing it to the worn tire.

Patent No. 1,662,035.

In the device disclosed by patent No. 1,-662,035 a resilient pad is placed in the tire in the place usually occupied by the inner tube and the tire is mounted upon a rim. The application of pressure to both sides of the tire forces the uncured rubber tread tightly against the tire mold.

Appellee claims that the means for the compression of the tire designed to operate independently of the mold after the tire has been placed therein constitute the essence of the invention. It was this feature of the combination that was relied upon by the patentees in their amended application for patent No. 1,662,035. The patentees applied for 18 claims. Upon re-

476

jection of claims 1, 2, 3, 5, 11, 12, 13, 15, 17 and 18 of the patent as originally applied for, the applicants pointed out to the examiner the arrangement of the structure whereby the sidewalls of the tire are pressed together to force the tread portion against the inner surface of the mold. This element of the invention was claimed to be novel and not disclosed in the prior art cited. The rejected claims were amended and reconsideration and allowance were requested. The patent was finally allowed with 13 claims.

Figs. 1, 2 and 3, below, are patent drawings of the mold disclosed in patent No. 1,662,035.

Fig. 1.

Fig. 2.

Fig. 3.

The mold as shown in Fig. 1, a plan view, has two matching parts connected at one side with hinges. The hinged parts of the mold contain chambers to allow for the circulation of steam for vulcanizing the tire. The tire is adapted to fit against the inner surface of the mold. The tire is mounted on an ordinary type tire rim which in turn is secured in the mold upon a mounting rim. The rings designed to press against the sides of the tire are mounted concentrically with and adjacent to the sides of the tires. These rings are pressed toward each other and against the side of the tire by means of levers operated by screws. In operation of the apparatus the resilient pad is placed in the tire and the tire is mounted on an ordinary tire rim. It is then mounted upon the mounting rim of the mold and the two sections of the mold are clamped together. The sides of the tire are then pressed inward by the rings. The application of pressure to the sides operates to decrease the volume of the space occupied by the resilient material, thus increasing the pressure against the tread. This pressure is further increased by reason of the toggle joint effect of the exertion of pressure against the relatively stiff sides of the tire.

### Patent No. 1,710,804.

Patent No. 1,710,804 discloses a tire retreading mold similar in design to the combination shown in patent No. 1,662,035. Figs. 4 and 5, below, are patent drawings of the device.

Within the mold of the structure disclosed by this patent is fitted a matrix to form the new tread surface of the tire. As in patent No. 1,662,035, this structure is provided with concentric rings which are designed to press against each side of the tire between the rim of the tire and the mold section "causing the tread to be expanded into firm contact with the interior of the matrix around the entire mold". The rings in this device are pressed toward each other against the sides of the tire not by levers, as in patent No. 1,662,035, but by "yokes" (see Figs. 4 and 5 above) which are hinged on one of the rings and extend through the rim of the tire to a point opposite the hinge. Threaded rods are threaded through one end of the yoke. By turning the rods the rings are forced together, which serves to "compress the sides of the tire casing inwardly against a partially inflated inner tube 32 within the tire, this compressing of the tire causing the tread to be expanded into firm contact with the interior of the matrix around the entire mold." In comparing patents Nos. 1,710,804 and 1,662,035, appellee's witness Doble testified: "The only substantial difference between 1710 and 1662 [patents Nos. 1,662,035 and 1,710,804] in so far as the pressure rings and means for compressing those rings toward each other, between the two patents, is the substitution of the element 29 and its various parts [the yokes] for the elements 26, 27 and 32 [the levers and its parts] and such incidental parts as there are there."

Fig. 4.

Fig. 5.

The retreading apparatus described in patent No. 1,760,944 is shown below in Fig. 6.

Fig. 6.

This patent purports to be an improvement over patents Nos. 1,662,035 and 1,710,-804. It relates particularly to the means for actuating the side pressure rings. Concerning these prior patents, the patentee states:

"In the structure of the previous patent [No. 1,662,035] as well as in that of their later patent No. 1,710,804 dated April 30, 1929, the rings were moved inwardly against the tire by a number of independently actuated elements. This was unobjectionable [objectionable] and unsatisfactory in that it took considerable time to manipulate all these different elements and it was hard to insure that the inward movement of the rings would be the same at all points engaged by the actuating elements, and which equal movement is of course necessary to prevent the rings from becoming moved askew or out of parallel with each other.

"The principal aim of this invention therefore is to provide an actuating means for the rings so connected thereto that the rotation of a single member causes both rings to be moved simultaneously and without the possibility of the rings moving out of parallel alinement with each other at any time, thus lessening the time needed to operate the structure and insuring more accurate results."

The same type of mold is utilized as is disclosed in the prior patents referred to. The rings, designed to press against the sides of the tire between the tread and the rim, are actuated by means of "spider arms" which converge to a central hub. A shaft projects through the hub of both spider arms. One end of the shaft is threaded and attached thereon is a hand wheel. The other end of the shaft has a pin fashioned to engage the hub and prevent turning of the shaft. Thus, when the hand wheel is threaded along the shaft it presses against the adjacent arms forcing them inward. The arms in turn press the rings inward against the sides of the tire.

Appellant contends that the patents in suit are anticipated by the prior art and are invalid.

### Validity of Patent No. 1,662,035.

As anticipating this patent appellant relies particularly upon the following patents: Doughty No. 1,101,732; Lauer, No. 1,271,-589; Patton, No. 1,184,988; Burch (British) No. 253,506 (U. S. No. 1,751,392); Wheelock, No. 1,630,815; Mell, No. 906,-256; Coats, No. 1,333,062; Harris, No. 1,-353,042.

The patents to Doughty and Mell, Nos. 1,101,732 and 906,256, respectively, are patents covering factory molds for the manufacture of new tires. In the Doughty patent the mold is comprised of three sections. The side sections of the mold which enclose the sides of the tire in the process of manufacture are relied upon by appellant as disclosing the side pressure means of the patent in suit. Obviously, the side walls of this mold which, when in closed position are rigid and surround an unvulcanized tire with a rigid metallic core, do not disclose the independent adjustable side pressure rings with their toggle joint effect of patent No. 1,662,035. The Mell patent also discloses a completely enclosing mold, the object of which is to press the entire unvulcanized tire against a rigid core. There are no independent adjustable side pressure rings disclosed by this patent. The rings shown in the patent are a part of the mold.

The patent to Patton, No. 1,184,988, discloses a retreading mold. The mold sections are firmly bolted together and completely encircle the tire. Once the mold is closed after the tire is in the mold, there are no independent means for further adjustment of the side walls.

The patents to Burch (English No. 253,-506, U. S. No. 1,751,392) disclose a retreading mold of the partially enclosing type. This mold is comprised of a main body part, the largest portion of the mold, and a swinging door which closes and completes the mold. The tread area of the tire to be retreaded is held under pressure against the matrix (pattern molding means) by means of a movable rim which is placed inside the tire to be retreaded, and is pressed against an air inflation tube therein, thus decreasing the size of the tube and increasing the pressure it exerts on the tire. When the tube is inflated the movable rim is forced upward against the tube which forces the tread against the matrix. These means for pressing the tire against the matrix are not equivalent to the independent side pressure rings of the patent in suit, No. 1,662,035.

The Wheelock patent No. 1,630,815 discloses a tire repair vulcanizer, not a retreading device. The clamping means on this device for maintaining pressure against the tread and sides of the tire during the vulcanizing process is similar to the patent but is in a different combination and in no way discloses the combination for use in retreading a tire disclosed in patent No. 1,662,035. See, Walker on Patents, Deller's Ed., Vol. 1, p. 147.

The patents to Coats (No. 1,333,062) and Harris (No. 1,353,042) do not disclose the combination of patent No. 1,662,035. Coats' patent shows a fully enclosing type mold. The patent to Harris is a retreading mold of the partially enclosing type. In neither of these patents is there anything equivalent to the independent side pressure rings of patent No. 1,662,035. The patent to Harris was cited by the patent office in the proceeding therein for the grant of patent No. 1,662,035.

The Lauer patent, No. 1,271,589, is principally relied upon by appellant as anticipating patent No. 1,662,035. Fig. 7, below, is a patent drawing of the device.

The rings 29 and 30 (see drawing above) are relied upon by appellant as being equivalent to and serving the same function as the side pressure rings in patent No. 1,662,035. These rings, however, as can be observed by the above drawing, are not independent pressure rings for pressing on the sides of the tire and forcing the portion of the tire to be retreaded against the mold but consitute and form part of the mold. It is true that these rings are adjustable and are means whereby the tread is securely clamped against them. Their mode of operation is essentially different, however, from that of the rings disclosed in patent No. 1,662,035. In the latter patent the tread surface of the tire is forced inward against the mold by the independent rings pressing against the sides of the tire. In the Lauer patent, pressure against the side parts of the mold, after once in place, would tend to force the tire outward away from the mold. The purpose of these rings forming parts of the mold is stated in the Lauer patent as follows: "With this method and apparatus, it will be found that in the work produced, the tread member will be fully and securely vulcanized to the tire, the rings 29 and 30 serving to hold the edges of the tread member in proper engagement with the tire so that the same will also be completely vulcanized and not permitted to project from the sides of the tire as frequently happens in tire vulcanizing as done at the present time."

Lauer depended upon the pressure of air in the tube to force the tread section of the tire inward against the mold. It is stated in the patent: "Also the tire will be inflated in order to afford a backing for resisting the pressure of said band and rings."

As showing prior use of the combination disclosed in patent No. 1,662,035 appellant relies upon a catalogue of Charles E. Miller of the Anderson Rubber Works, Anderson, Indiana, in which is illustrated

Fig. 7.

and described a tire mold, developed, according to witness Cloyd R. Quine, about 1920. The tire molds shown are especially designed for the manufacture of new tires although the catalogue states that in many cases "they are used for rebuilding and repairing used tires." The molds completely encircle the entire tire within which there is a rigid inner core. Although the side mold sections are adjustable, the molds shown do not anticipate the combination disclosed in patent No. 1,662,035 of a partially enclosing mold with independent side rings designed to press against the sides of the tire and force the tread against the mold.

It is clear that the prior art cited by appellant does not disclose the combination of patent No. 1,662,035. In so far as claims 1 and 13 of the patent are concerned, this court accepts the finding of the trial court that the patent is not anticipated and is valid.

As to claim 12 of patent No. 1,662,-035, appellant contends that the claim is invalid because incomplete (R.S. § 4888, 35 U.S.C.A. § 33). It is claimed that as there is only a single annular ring specified in the claim there is no resistance from the other side of the tire unless it is part of the mold.[1] The combination described and shown in the specifications and drawings has two rings, one on each side of the tire. The mode of operation of the apparatus, according to the specifications depends upon a combination with a ring on each side of the tire. The patent does not teach the use of a single ring pressing against only one side of the tire, and such use cannot be claimed. R. S. § 4888; see Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628, 637.

## Validity of Patents Nos. 1,710,804 and 1,760,944.

Appellant contends that the claims of patents Nos. 1,710,804 and 1,760,944 are invalid because the same combination is claimed as is disclosed in patent No. 1,662,-035. It is claimed that the patentable improvement, if any, was of a single element of an old combination and that under the decisions of the Supreme Court in Bassick Mfg. Co. v. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251; Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U. S. 545, 58 S.Ct. 662, 664, 82 L.Ed. 1008, the claims of these patents in suit are invalid as an attempt to repatent the combination disclosed in patent No. 1,662,035. From what we have already said in describing the patents in suit, it is clear that the invention, if any, in patents Nos. 1,710,804 and 1,760,944 lies in the improvement of the independent means of the combination of patent No. 1,662,035 whereby the sides of the tire to be retreaded are pressed inward. These means are designed to function as part of a tire retreading mold. There is a claimed improvement in this element but the function in the combination is not novel but is the same as the corresponding element (side pressure rings) of patent No. 1,662,035. The claims in suit of patents Nos. 1,710,804 and 1,760,944 incorporate this improvement in the same combination as is disclosed in patent No. 1,662,035.[2] Under the decisions

---

[1] Claim 12 of patent No. 1,662,035 is as follows: "12. The combination with a tire mold, of an annular ring movable transversely against a side of a tire supported within the mold to expand the tread of said tire against the inner surface of the mold."

[2] Compare claims 1 and 13 of patent No. 1,662,035 with claim 4 of patent No. 1,710,804 and claims 1 and 2 of patent No. 1,760,944.

Claims 1 and 13 of patent No. 1,662,-035 are as follows:

"1. A tire retreading mold comprising a pair of matching circular sections arranged to receive a tire to be retreaded; means for securing the sections in closed relation around the tire; means engaging the outer surfaces of the side walls of the tire and arranged to be moved axially toward each other to press said walls together to expand the tread thereof against the inner surface of the mold; and means for circulating steam through the sections.

"13. The combination with a tire mold, of a pair of annular rings movable against opposite sides of a tire supported within the mold to expand the tread of said tire against the inner surface of the mold."

Claim 4 of patent No. 1,710,804 is as follows: "4. A tire retreading mold comprising a pair of matching annular sections arranged to receive a tire therebetween; a pair of pressure rings arranged to engage the sides of a tire inserted in the mold; and means carried by one of the rings and arranged to engage the opposite ring to compress the

of the Supreme Court in Bassick Mfg. Co. v. Hollingshead Co., supra, and Lincoln Engineering Co. v. Stewart-Warner Corp., supra, this renders the claims invalid. In Lincoln Engineering Co. v. Stewart-Warner Corp., supra, Mr. Justice Roberts, speaking for the Supreme Court, stated: "As we said of Gullborg in the Rogers Case, [Rogers v. Alemite Corporation, reported with Bassick Manufacturing Co. v. Hollingshead Co., supra] having hit upon this improvement [improvement of a "coupling member" in a widely used combination for lubrication of automobile bearings] he did not patent it as such but attempted to claim it in combination with other old elements which performed no new function in his claimed combination. The patent is therefore void as claiming more than the applicant invented. The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

The appellant also contends that the two later patents sued upon are not inventions over the first patent because the later patents merely use mechanical equivalents for the means of exerting pressure upon the pressure rings in the combination for retreading the tire shown and claimed in patent No. 1,662,035. There was no inventive genius involved in the particular means of exerting pressure upon the pressure rings. We hold, therefore, that claim 4 of patent No. 1,710,804 and claims 1 and 2 of patent No. 1,760,944 are invalid.

Infringement of Patent No. 1,662,035.

The alleged infringing apparatus is shown below in Figs. 8 and 9, patent drawings of patent No. 2,030,861, granted February 18, 1936 to M. M. Fisher.

Fig. 8.

Fig. 9.

The mold is supported on a table and is made up of three sections which are drawn tightly around the tire by means of a band which surrounds the circumference of the mold. It also has a clamp or ring designed to press down against one side of the tire and force the opposite side of the tire against a raised part of the table which part forms a ring corresponding to the upper ring or clamping device. Thus, walls of the tire together and expand the tire within the mold."

Claims 1 and 2 of patent No. 1,760,944 are as follows:

"1. A tire retreading mold including an annular mold structure to receive the tire to be retreaded, a pair of rigid opposed annular rings to project inwardly of the mold to engage the opposite sides of a tire engaged with the mold, and means applied to the rings from the axis thereof for moving said rings axially toward each other.

"2. A tire retreading mold including an annular mold structure to receive the tire to be retreaded, a pair of rigid opposed annular rings to project inwardly of the mold to engage the opposite sides of a tire engaged with the mold, spiders formed with the rings and including hubs centered with the rings, and means applied to the hubs for moving the rings axially toward each other."

both sides of the tire are pressed inward and the consequent effect is to force the tread section to be vulcanized against the mold. It is clear that these clamping rings, which are independent of the mold proper, are equivalent to the side pressure rings of patent No. 1,662,-035 and that appellant by use of these means as part of its tire mold equipment uses the same combination as is disclosed in patent No. 1,662,035. Appellant contends, however, that the mode of operation is different. It is claimed that in operation of the device disclosed in patent No. 1,662,035 the tire is placed in a mold larger than the tire and forced into the mold by means of the side pressure rings while in appellant's device the mold is completely closed around the tire when the side pressure plates are applied and there is no expansion. There is no merit in this contention. The mode of operation, that is, pressure of the side rings to force the sides of the tires inward, is the same in both devices. The difference, if any, is only one of degree.

Appellant's contention that appellee failed to prove infringement before the filing of the bill of complaint is likewise without merit. Photographs of machines substantially identical with that of the Fisher patent, the drawings of which are shown above, were introduced and stipulated as "true and correct photographs of a machine identical with that used by the defendant and charged by the bill of complaint to infringe." Appellant admitted at the trial that it used the machines as shown by these photographs and as shown in the Fisher patent. The admissions and stipulation under the circumstances (that is, where suit is brought for alleged patent infringement) clearly related to a time prior to the filing of the bill.

■ We accept the finding of the trial court that claims 1 and 13 of patent No. 1,662,035 are infringed by appellant.

■ Appellant contends that the court erred in holding that Barnes and Fisher Mfg. Co., the manufacturer of the alleged infringing device, "is in privity with the defendant, Adrian B. Goodman, and is the real party in interest in the defense of this cause." The appellee did not make Barnes and Fisher Manufacturing Company a party defendant, but chose to bring action only against appellant. Counsel for appellant at the trial refused to stipulate that Barnes and Fisher Manufacturing Company was

defending the case and should be bound by the decree. In Hy-Lo Unit & Metal Products Co. v. Remote Control Mfg. Co., 9 Cir., 83 F.2d 345, 350, this court discussed the question of privity and the question of when and under what circumstances a person is bound by a judgment in a suit to which he is not made a party. The court there stated: "These decisions by the Supreme Court establish the proposition that, in order for a person not formally made a party to a suit to be estopped by the decision therein, he must either be in privity with a party thereto in the strict sense of the term or he must not only aid in the prosecution or defense of a suit, but have the right to participate and control such prosecution or defense."

There are no pleadings or evidence in the case at bar to the effect that Barnes and Fisher Manufacturing Company had the right to control the defense of the suit herein. The decree of the trial court that Barnes and Fisher Manufacturing Company was in privity with appellant and the real party in interest in the defense of the cause herein is erroneous.

To summarize, this court holds:

1. Claims 1 and 13 of patent No. 1,662,-035 are not anticipated by the prior art and are valid and infringed by appellant.

2. Claim 12 of patent No. 1,662,035 is invalid because it is not disclosed by the teaching of the patent and does not show utility and is incomplete.

3. Claim 4 of patent No. 1,710,804 and claims 1 and 2 of patent No. 1,760,944 are invalid because they cover the combination disclosed in patent No. 1,662,035.

4. Infringement before the filing of the bill of complaint herein was adequately established.

5. The lower court erred in holding that Barnes and Fisher Manufacturing Company was in privity with appellant in the defense of the action and the real party in interest.

The findings and decree of the District Court are amended in accordance with the above holdings and as amended are affirmed.

Neither party to have costs.

HANEY, Circuit Judge (concurring and dissenting.)

I concur in all the conclusions reached by the majority except the first which

holds Claims 1 and 13 of patent No. 1,662,-035 valid.

Claim 1 covers a combination consisting of the following elements: (1) a mold consisting of two hollow sections; (2) means for clamping them together; (3) means for engaging and pressing together the side walls of the tire; and (4) means for circulating steam through the hollow portions of the mold. I think this claim was anticipated by the Doughty patent, No. 1,101,732. There are minor differences in form: the mold is made in one section instead of two; the side rings contain an outward projection which, when pressed toward each other, would rest against the mold preventing further movement and would therefore have to be eliminated; and the side rings are pressed together by hydraulic means, instead of by means of a lever, fulcrum and screw. To make a mold in two sections (instead of one), cut off a projection on a ring, and exert pressure on the rings by means of a lever, fulcrum and screw (instead of by hydraulic means), I think would not constitute invention. Such changes would be minor, and, I believe, would occur to the skilled mechanic. Substitution of the means here used for exerting pressure on the side rings, for the hydraulic means, used by Doughty constitutes the only possibility of invention. To an engineer, both means are well known, and it would not be novel to substitute one for the other.

Claim 13 covers "the combination with a tire mold, of a pair of annular rings movable against opposite sides of a tire supported within the mold to expand the tread of said tire against the inner surface of the mold." This claim actually covers a combination of only two elements, the remainder of the claim being descriptive of the function. The two elements are: (1) a tire mold, and (2) rings which may be moved to press the sidewalls of the tire together. The only change required in the Doughty structure to obtain such a combination is the elimination of the projection on the side rings. From the above it follows that it would not be novel to cut off such projections.

I think the decree should be reversed and that all the claims in issue should be held invalid.