## GOODMAN v. SUPER MOLD CORPORATION OF CALIFORNIA.

### No. 8851.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1940.

For former opinion, see 103 F.2d 474.

Charles E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for appellant.

Percy S. Webster and Roger B. Webster, both of Stockton, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Appellant has filed a petition for rehearing. In addition thereto he claims to have discovered an anticipating patent issued September 28, 1920 to A. R. Thompson, No. 1,354,227, for a tire mold. In order to take advantage of this discovery appellant presents the same to this court with affidavits purporting to show due diligence in the search of patent office records and that, notwithstanding such diligence, the Thompson patent was not discovered. These affidavits accompany a petition to this court for leave to present to the trial court a petition for rehearing in order that the newly discovered evidence may be considered by the trial court.

These matters were set down for hearing after a reply had been filed by the appellee, and were fully argued.

From an examination of the Thompson patent we are satisfied that it does not anticipate the patent in suit. The Thompson patent is for a tire mold. This construction, as stated in the specifications of the patent, is particularly well adapted for rebuilding old tires and provides an "efficient form of construction" that "may be adjusted to fit tires that have become permanently enlarged or stretched by use". The Thompson patent is for a tire mold which completely encloses the tire to be vulcanized or rebuilt. The patent proposes a method for constructing a tire mold of metal consisting of seven or more rings so arranged and adjusted as to completely enclose the tire to be vulcanized. The rings are adjusted and secured by bolts. In order to conform the mold to the size of the tire to be rebuilt the tread ring in immediate contact with the tread is selected from a stock of such rings of various internal diameters of such size that its inner periphery contacts the tread of the tire being rebuilt. As the appellee aptly states, the method adopted by Thompson for his tire mold was one by which the size of the mold is regulated so as to fit the tire surface, whereas the patent in dispute provides a means for making the tire fit the mold, which is of a uniform size. The appellant, in its reliance upon the Thompson patent, points out that by using the bolts and side plates shown in the patent drawings, these plates can be forced together and thus, it is contended, the tread of the tire could be forced against the "tread mold" or portion of the mold enclosing the tread, as is done in the patent in suit. Assuming that this could be done the patent contains no such teaching nor is it directed to that end. The purpose of Thompson was to produce a metal mold by the selection of the proper size parts so as to fit the particular tire to be rebuilt.

We do not pass upon the question of whether or not the appellant has exercised due diligence.

The petitions for rehearing in this court, and for leave to seek a rehearing in the District Court, are denied.

HANEY, Circuit Judge (specially concurring).

Without abandoning my view as expressed in the dissenting opinion herein, I concur in the denial of the petition for rehearing because the majority adheres to its former view.

I express no opinion as to whether or not the Thompson patent anticipates the patent in suit because I hold that the patent in

suit was anticipated by the Doughty patent and therefore think it immaterial whether or not the Thompson patent also anticipates. For this reason I think it unnecessary to grant leave to seek a rehearing in the District Court.