## SUPER MOLD CORPORATION OF CALIFORNIA v. BACON et al.

### No. 21522–R.

District Court, N. D. California, S. D.

May 12, 1941.

Webster & Webster, of Stockton, Cal., for plaintiff.

George B. White and Joseph Wahrhaftig, both of San Francisco, Cal., for defendant.

ROCHE, District Judge.

This is a suit for patent infringement of claims 1, 5, 6, 7, and 13 of patent No. 1,662,035 and claims 1 and 2 of patent No. 1,764,378. These patents, held by plaintiff by means of assignments, cover apparatus for retreading of tires. In a recent opin-

ion by the Circuit Court (Goodman v. Super Mold Corp. of California, 9 Cir., 103 F.2d 474), the validity of the first patent was sustained. On a petition for rehearing, the Circuit Court wrote a second opinion (Goodman v. Super Mold Corp. of California, 9 Cir., 109 F.2d 442), maintaining its position and denying the petition.

The first patent in suit, hereafter called 1662, has been carefully analyzed by the Circuit Court as to the patent's mode of operation and its scope. In the case at bar, defendants have introduced two patents—Gillam No. 1,604,034 and Hawthorn No. 1,507,059—which were not before the court in the previous action. But neither of these patents covers a retreading device which conflicts with the validity of plaintiff's 1662, as passed upon by the Circuit Court. The question before this court then becomes: Does defendants' retreading mold infringe plaintiff's patented equipment?

■ The unique feature of plaintiff's tire mold consists in a pair of annular rings, movable against opposite sides of a tire supported within the mold, so that there may be expansion of the tread of the tire against the inner surface of the mold. It was this element which distinguished plaintiff's invention from that of Doughty, patent No. 1,101,732, as held by the Circuit Court (Goodman v. Super Mold Corporation of California, 1939, above), and it was this element which gave rise to an infringement in the Goodman case by Fisher patent No. 2,030,861. It is also this expansionary apparatus which distinguishes defendants' device and precludes them from infringing plaintiff's patent. The challenged mold has a pair of rings which are utilized for the prevention of blow-outs during the retreading process (TR 90). They are not essential—as are plaintiff's (for fitting the tire within the mold, wherein heat is applied)—to the actual retreading operation, which has been performed successfully without their presence. Their expansionary effect on the tire against the inner surface of the mold is slight and purely incidental. Moreover, the location of the rings on defendants' equipment is such that it is not possible to exert pressure within the mold, as it is in plaintiff's device and in the apparatus enjoined in the former action by plaintiff. In the Circuit Court's opinion denying a rehearing, the court distinguished plaintiff's patent from the newly discovered patent relied upon by the then defendant, on this very ground. The court said: "As the appellee aptly states, the method adopted by Thompson [the alleged anticipator] for his tire mold was one by which the size of the mold is regulated so as to fit the tire surface, whereas the patent in dispute provides a means for making the tire fit the mold, which is of a uniform size." 109 F.2d 442. Thus, in the case at bar, defendants' mold fits the size of the tire, the rings are merely used as a protective device against blowouts and cannot be utilized to exert pressure within the mold. On this ground, there is no infringement of 1662.

The second patent allegedly infringed by defendants is patent No. 1,764,378 issued to Woock and hereafter called 1764. This patent improves 1662 by adding set screws to the side rings so that their axial movement toward each other may be limited. Earp patent No. 1,392,487, issued in 1921 and now public property, anticipates 1764, which is therefore invalid.

■ Thus, on plaintiff's suit for infringement of patents, it is held that patent 1662 is not infringed and that patent 1764 is invalid because of anticipation.

■ Defendants, in turn, have counterclaimed against plaintiff for infringement of claims 2 and 3 of Connelly patent No. 1,579,518 by two of plaintiff's mold devices, known as the E and F molds, and for infringement of claims 19 and 20 of Thorsen patent No. 1,876,100 and claim 9 of Thorsen patent No. 1,903,538 by plaintiff's R mold.[1] Plaintiff has challenged the validity of these patents, and in the event they should be found to be valid; plaintiff has denied infringement.

■ The Connelly patent covers radiating vanes on the side wall and bead portions of the mold to prevent overcuring of tires. The prior art fails to disclose such

[1] Defendants' counterclaim is also the basis of a separate action—Bacon v. Super Mold, No. 4206—R (transferred to the Southern Division of the Northern District of California and numbered 21719–R). In order to save time and expense, it was stipulated by the parties that all evidence presented in No. 21522–R be considered testimony in No. 21719–R also, and that the judgment in the former case be res judicata in the latter (TR 295). Accordingly, the decision of the court is binding in both cases.

a device, which the court finds to be a valid invention. But plaintiff's E and F molds do not confine the tire within similar side walls; instead, the tire is exposed to the air, which acts as a cooling medium. Plaintiff's device is much closer to Byerley patent No. 1,356,597 than it is to the Connelly patent in suit; hence it does not infringe.

 With respect to the two Thorsen patents involved in the present controversy, the court finds that they are anticipated by a patent issued to Patton, No. 1,184,-988 and by a patent granted to Harris, No. 1,363,042.

By way of summary of the entire case, the court holds that the claims in issue of patent No. 1,662,035 are valid but not infringed; that patent No. 1,764,378 is invalid; that patent No. 1,579,518 is valid but not infringed; and that patents No. 1,-876,100 and No. 1,903,538 are invalid. Judgment will be entered accordingly, upon preparation of findings of fact and conclusions of law. Each side will pay its own costs.