## STILZ v. BETHLEHEM SHIPBUILDING CORPORATION, Ltd.

### No. 3744.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 15, 1941.

Decided Dec. 29, 1941.

Appellant appeared on his own behalf.

No one appeared for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

PER CURIAM.

The present application of the petitioner in this case is for a rehearing following the denial of the court of his petition for legal aid, filed July 17, 1941. The petitioner's requests in this and other courts of the United States have been many. Their

number should not and does not adversely affect his right to be patiently heard concerning the relief he quite evidently feels himself entitled to receive.

The petitioner is the owner of patents which have to do with oil burners, Nos. 945873 and 1066161. In Stilz v. United States, 1925, 269 U.S. 144, 46 S.Ct. 37, 70 L.Ed. 202 the Supreme Court affirmed a judgment of the Court of Claims, 59 Ct.Cl. 21, in which it was found that the United States had not infringed the petitioner's patents. Following this litigation the petitioner sued other persons for alleged infringement in the District Court for the Southern District of New York and a decision adverse to his claims was affirmed by the Circuit Court of Appeals for the Second Circuit in Stilz v. Babcock & Wilcox Co., 1924, 5 F.2d 630. The next litigation was in the District Court for the Eastern District of Pennsylvania. Again the claim was infringement and again the decision was adverse to the petitioner. The District Court was affirmed by this court in Stilz v. Bethlehem Shipbuilding Corp., 3 Cir., 1928, 29 F.2d 156, certiorari denied 1929, 279 U.S. 834, 49 S.Ct. 254, 73 L.Ed. 983.

Since 1928 the petitioner has presented a series of applications to this court attacking both the action of the court in the decision last cited and the result in the litigation in the Second Circuit, as well as that in the Court of Claims and the Supreme Court of the United States. The chronological order of these attacks is as follows:

| | |
|---|---|
| November 13, 1928 | Petition for rehearing |
| November 21, 1928 | Denied |
| December 5, 1928 | Call for legal aid |
| January 11, 1929 | Application for appeal to Supreme Court |
| January 14, 1929 | Allowed |
| February 28, 1929 | Supreme Court denied writ of certiorari |
| April 28, 1931 | Motion for leave to file petition for rehearing |
| | Permission granted |
| | Petition for leave to file Bill of Review |
| | Petition for rehearing |
| February 8, 1932 | Order denying petition for rehearing and for leave to file Bill of Review |
| February 5, 1940 | Petition for rehearing |
| February 8, 1940 | Denied |
| February 20, 1940 | Petition to remand to District Court |
| February 24, 1940 | Denied |
| March 18, 1940 | Motion to amend petition for rehearing |
| | Denied |
| | Petition for investigation |
| March 19, 1940 | Denied |
| April 2, 1940 | Petition for review extraordinary |
| April 3, 1940 | Dismissed |
| May 24, 1940 | Petition for rehearing on petition for rehearing |
| June 5, 1940 | Denied |
| June 11, 1941 | Petition for reconsideration of petition for rehearing |
| July 9, 1941 | Denied |
| July 17, 1941 | Motion for legal aid |
| October 6, 1941 | Supplementary motion for leave to prosecute further |
| October 9, 1941 | Application for legal aid denied |
| October 10, 1941 | Supplementary motion denied |

The petitioner is in error in so far as he suggests that adverse rulings against him in this long series of applications have been through any failure on the part of the court to consider his points. They were considered when presented; they have been reexamined upon the presentation of this motion. No one, so far as this court is advised, has attacked the petitioner's patent. For all we know it may be highly valuable and, if used, might revolutionize industry and produce wide public benefit. The points presented in the litigation he has brought have been the alleged infringement of his patent by others. This is a question for each individual case. The responsibility for the decision is vested in the courts and in each instance that responsibility has been met by a careful examination of the claims and a decision upon the questions presented. The petitioner suggests that certain evidence, which he was told would be considered without being reprinted was not so considered. If taken literally this suggestion constitutes a serious charge against those who compose the court. We realize, however, that unsuccessful litigants are not apt to feel that the court has adequately considered their side of a case which they have lost. The petitioner also indicates the view that his case has not received adequate consideration because he presented it himself instead of having counsel to present it for him. We do not feel that there has been any failure to understand the points made by the petitioner. Indeed, so far back as the litigation in 1928, the opinion of this court specifically mentioned the fact that petitioner, although unlearned in the law, had presented his side of the controversy in clear and understandable fashion.

So long as questions in litigation have to be answered by fallible human beings there can be no guaranty against human mistakes. The most that courts can do is answer the questions presented as best they

can. This consideration the petitioner has had throughout his long course of litigation. The courts are open to him if, in his judgment, other persons are thought to be infringing his patent. But so far as the litigation already engaged in is concerned the consideration already given concludes it.

The motion for reconsideration is denied.