## SUPER MOLD CORPORATION OF CALIFORNIA v. BACON et al.

## BACON et al. v. SUPER MOLD CORPORATION OF CALIFORNIA.

### No. 9981.

Circuit Court of Appeals, Ninth Circuit.

Sept. 12, 1942.

Percy S. Webster and Roger B. Webster, both of Stockton, Cal., for appellant Super Mold Corporation.

George B. White and Jos. Wahrhaftig, both of San Francisco, Cal., for appellants Bacon et al.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

Complaint and cross-complaint for infringement of patents for tire retread devices. Relief was denied both parties, and both appeal.

Plaintiff, Super Mold Corporation of California, sued for infringement, of claims

1, 5, 6, 7 and 13 of Smith patent No. 1,662,-035, issued March 6, 1928. This patent we held valid in Goodman v. Super Mold Corp., 9 Cir., 103 F.2d 474, rehearing denied 109 F.2d 442. It is for the combination with a retread device, of rings to press against the sides of the tire to force the tread against the matrix, both by "toggle action" of the tire side walls, and by compression of a resilient pad placed within the tire. Defendant cites against the patent two prior patents not cited in the Goodman case; the trial court held neither amounted to anticipation.

One of these is Gillam No. 1,604,034, issued October 19, 1926, for a device for making new solid rubber tires. It has a series of pins, attached to a movable ring, which are moved into the unvulcanized tire after the mold is filled, both to force the viscous rubber against the tread matrix, by displacement, and to form holes through the tire, from side to side, which give it more flexibility. Defendant claims that a tire being retreaded could be placed in the same mold, and the pins used to achieve the result of the Smith patent. Plaintiff denies this.

The second patent cited by defendant is Hawthorn No. 1,507,059, issued September 2, 1924, for a device for vulcanizing two flat sheets of rubber simultaneously by placing a resilient pad between them and filling it with fluid under pressure, so that each sheet of rubber is forced against its matrix.

 There is no analogy between the shaping of raw rubber in a mold to form a solid rubber tire and the art of retreading a tire carcass of fabric, or cord. We agree with the trial court in the rejection of the Gillam patent, No. 1,604,034, as an anticipation. As to the Hawthorn patent, No. 1,507,059, we are unable to see any analogy between the process of that patent and the tire retreading device of Smith, and none has been pointed out to us. We agree with the trial court in its rejection. We hold with the trial court that the Smith patent is valid over these citations.

 The trial court also held that although valid the Smith patent was not infringed by the defendant's device. This finding of non-infringement is one of fact and entitled to the weight given to other findings of fact of a trial court. Stilz v. United States, 269 U.S. 144, 147, 46 S.Ct. 37, 70 L.Ed. 202. In the case at bar witnesses testified in court on the subject of infringement. Their opinion as to infringement or non-infringement was predicated upon a difference of opinion and of observation as to how the defendant's retreading machine operates.

 The defendant's machine is so constructed that the side rings, said to correspond to those used in the Smith patent to force the sides of the tire under treatment inward and thus force the tread against the matrix of the mold, cannot enter the mold at all because so constructed that they will be stopped by the metal of the mold and of its matrix. It is not claimed by the plaintiff that the rings in the defendant's device enter the mold, but it is claimed that the sides of the tire, when inflated, swell up above the metal with which the rings are in contact and are thus subject to pressure by the side rings which tends to force the tire tread against the matrix. The defendant's witnesses contend that the contact between the rings or plates and the tire in their device is not under substantial pressure and that the function and effect of the rings in their device is to support the tire which is under high internal pressure against explosion or blowout during the curing process. The trial court accepted the latter view and we cannot say that its conclusion was clearly wrong. Hence, we affirm the decision of the trial court in that regard. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We do not wish to be understood as holding that the rings or pressure plates of the Smith patent must actually enter the mold under claim 13 shown in foot note.[1] It is sufficient to infringe if while the tire is within the mold the pressure plates exert pressure against the sides which operates to force the tire tread against the matrix. This pressure must be substantial and not merely incidental to the purpose of preventing a blowout because of the high internal pressure (from 150 to 160 lbs. in the Bacon device) used by the defendants in vulcanizing.

## Cross-Appeal.

The defendants filed a separate action charging that the plaintiff, the Supermold

---

[1] "13. The combination with a tire mold, of a pair of annular rings movable against opposite sides of a tire supported within the mold to expand the tread of said tire against the inner surface of the mold."

Corporation of California, has infringed three patents belonging to them, the Connelly patent, No. 1,579,518, issued April 6, 1926, and two Thorsen patents, No. 1,903,-538, issued April 11, 1933, and No. 1,876,-100 issued September 6, 1932. Defendants then filed an answer and counterclaim on the same patents in this action and the two suits were tried together with the stipulation that the judgment on the counterclaim should be res judicata in the separate action of the defendants. The appeal of the defendants is from the judgment dismissing the counterclaim.

The trial court held claims 1, 2 and 3 of the Connelly patent, No. 1,579,518, supra, valid but not infringed by plaintiff's machines Lodi E and F.

Claim 9 of Thorsen patent No. 1,903,538 was alleged to be infringed by plaintiff's machine R. The trial court held claim 9 of this patent invalid as anticipated by prior patent No. 1,184,988, issued to Patton on May 30, 1916, and prior patent No. 1,353,042, issued to Harris on September 14, 1920.

The trial court held that claims 19 and 20 of Thorsen patent No. 1,876,100 issued September 6, 1932 were invalid because anticipated by the same prior patents to Patton and to Harris.

The plaintiff, although held not to infringe the Connelly patent, attacks its validity to cover the possibility that this court might hold that the patent was infringed. So far as involved in this controversy the invention of Connelly is claimed to cover the system of protecting the bead and sides of the tire from the heat used to vulcanize the new rubber upon the tread portion of the tire. Connelly accomplished this by completely enclosing the tire in the mold and providing an extension of the mold structure by fins or vanes over the sides and beads to radiate the heat coming from the tread portion of the tire. In the plaintiff's alleged infringing machines, Lodi E and F, the bead and a portion of the side walls of the tire are not enclosed in the mold but are freely exposed to the air and thus radiate heat from the surface of the tire. The defendants claim that the exposure of the tire to the air is not alone sufficient to radiate the necessary amount of heat and that the plaintiff's Lodi E and F molds require, in addition, the use of vanes or fins extending from the walls of the mold for that purpose and that the plaintiff uses the vanes for that purpose and, hence, infringes the Connelly patent. There are certain metal braces projecting from plaintiff's molds which facilitate radiation of heat.

■ The use of braces, or brackets, in forming the mold and the exposure of side walls and beads of the tire to the air during vulcanization was contained in the art before Connelly's patent. Both are found in patent No. 1,356,597 issued to C. T. Byerley October 26, 1920, and the method of exposing the sides of the tire to the open air during vulcanization of the tire retread is also shown in patent No. 1,379,203 issued to C. P. Mundale May 24, 1921. Thus, to the extent that Connelly's patent might extend to a structure of the sort used by plaintiff, the patent is invalid for lack of invention.

■ The trial court was so clearly right in holding claims 19 and 20 of Thorsen patent No. 1,876,100 invalid because anticipated by the patents to Harris and to Patton, above referred to, that we think it unnecessary to do more than to state our conclusion.

■ Claim 9 of Thorsen patent No. 1,-903,538 was held invalid by the trial judge on the ground that it was anticipated by the aforementioned patents to Patton and to Harris. We have examined the record with care and have noted the complicated mechanism of Thorsen patent No. 1,903,538 and also of the patent No. 1,876,100. We agree with the trial court that the combination described in claim 9 [2] contains nothing new over the patents to Harris and to Patton above referred to.

Affirmed.

HANEY, Circuit Judge (dissenting).

Our decision in Goodman v. Super Mold

[2] "9. The combination with a vulcanizer machine including a stationary body having a cavity on a side thereof, a movable mold plate telescoping into said cavity, and means to convey heat to the section and the plate, of a sectional matrix formed of a plurality of complemental ring-like sections, a group of the sections being replaceably secured into said cavity, and the other group of complemental matrix rings being replaceably mounted on the plate, and means to fasten the mold plate onto said body so as to introduce the plate in the said cavity to any selected depth."

Corporation of California, 9 Cir., 103 F.2d 474, decided that claims 1 and 13 of patent No. 1,662,035 were valid and not anticipated by patent No. 1,101,732 issued to Doughty, and with respect to the Doughty patent that question is determined.

Since the patents now relied upon as anticipatory were not before the court in the Goodman case, I think we could well re-examine the question of the validity of the Smith patent No. 1,662,035. Smith v. Hall, 301 U.S. 216, 57 S.Ct. 711, 81 L.Ed. 1049.

One of the patents now relied on is the patent to Gillam, No. 1,604,034 issued October 19, 1926.

The only point of novelty in the two claims of the first patent found in the Goodman case, was the adjustable pressure rings. Gillam patent discloses a two-piece mold which has annular rings to which are attached a plurality of pins. By moving the rings toward each other, the pins are pressed into the side of the tire. To be identical, the mold would have to be made hollow, and a larger inside diameter so that it would not cover the walls of the tire and the pins would have to be removed so that the rings themselves would press the sides of the tire. I believe these changes would occur to one skilled in the art, and therefore the claims in issue are invalid.

The majority think otherwise, and in reaching that conclusion, have made two inconsistent decisions. If we assume that the patent is valid, it must be because of the adjustable side rings—otherwise the Doughty patent would anticipate and thus invalidate the patent in issue. If rigid side rings, as in the Doughty patent, do not anticipate the patent in issue, then obviously, rigid side rings would not infringe the patent in issue. Appellees' device has rigid side rings as in Doughty and would not therefore infringe. The majority, however, held that a patent disclosing adjustable side rings is not anticipated by a patent disclosing rigid side rings, but that rigid side rings infringe a patent disclosing adjustable side rings. Therefore, the Goodman case is inconsistent with the majority decision in this case.

Connelly patent No. 1,579,518 issued January 20, 1925, differs from many patents only in that it has heat radiating vanes on the mold. The addition of such vanes was not invention, I think, but something which would occur to one skilled in the art. Thorsen patents No. 1,876,100 issued September 6, 1932, and No. 1,903,538 issued April 11, 1933, are practically identical to the Doughty patent, and are I think invalid, for the same reasons I stated in the Goodman case.