**STAFFIN LEWIS CORPORATION v. ROSE DERRY CO.**

**Civ. A. No. 7576.**

United States District Court
D. Massachusetts.

Dec. 27, 1950.

Roberts, Cushman & Grover, Richard F. Walker, Diana J. Auger, Boston, Mass., Lederer, Livingston, Kahn & Adsit, Frank H. Marks, Louis I. Shapiro, Chicago, Ill., for plaintiff.

H. L. Kirkpatrick, Fish Richardson & Neave, Boston, Mass., for defendant.

McCARTHY, District Judge.

This is a motion for summary judgment by the plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. The plaintiff in this action is seeking injunctive relief, a declaratory judgment, and an accounting. It wishes to establish that it has not and is not infringing Rose Patent No. 2,106,065 for a mattress, granted January 18, 1938, and that the Rose patent is invalid and void. The complaint also included a count for unfair competition. The defendant counterclaimed to allege infringement of the Rose patent and thereafter amended its counterclaim to include a claim for infringement of its trade-mark Kantwet and unfair competition. The plaintiff answered the amended counterclaim and denied infringement and contests the validity of the trade-mark Kantwet, together with other defenses. The plaintiff then moved for summary judgment.

On the pleadings this case is composed of five elements, patent infringement, patent validity, trade-mark infringement, trademark validity, and unfair competition. For the purposes of this motion the plaintiff waives its charge of unfair competition and its prayer for an accounting.

The defendant has convinced me on argument that there is a genuine issue of material fact as to trade-mark infringement. It asserts that the question of confusion among its customers is in issue and I accept the contention. Under Rule 56, supra, the court's function is not to decide factual issues but to determine whether there is an issue of fact to be tried. This issue should be determined at a trial on the merits and not on summary judgment.

The plaintiff has raised the issue of the validity of the Rose patent. Upon argument it appears that it would be content if the Court merely passed upon the question of infringement on this motion. But a patent may be held invalid, though not infringed, since it is important to the public generally that an invalid patent "should not remain in the art as a scarecrow." Addressograph-Multigraph Corp. v. Cooper, 2 Cir., 156 F.2d 483, 485. Plaintiff itself has raised the issue of validity and such an issue is not rightly disposed of by summary judgment except in the most obvious of cases. Refractolite Corp. v. Prismo Holding Corp., D.C., 25 F.Supp. 965; American Optical Co. v. New Jersey Optical Co., D.C., 58 F.Supp. 601; Baker v. First National Stores, D.C., 64 F.Supp. 979; Kendall Co. v. Earnshaw Knitting Co., D.C., 1 F.R.D. 357. A court should not pass on the question of prior art in the validity of a patent without giving the plaintiff an opportunity to establish his proof at trial. Weil v. N. J. Richman Co., D.C., 34 F.Supp. 401 and cases cited. The same statements, it would seem, should apply on the question of the validity of the trade-mark in suit.

This leaves the issue of patent infringement outstanding. I am reluctant to allow the motion for summary judgment on this issue alone since such a disposition would have the effect of reducing the action to piece-meal litigation. Since the trademark question and the validity of the patent must stand for trial, I see no advantage to be gained by passing at this time on the alleged infringement. Infringement is a

question of fact, Stilz v. United States, 269 U.S. 144, 147, 46 S.Ct. 37, 70 L.Ed. 202, and infringement is here vigorously denied. While the patent in this action may be "simple" to counsel experienced in these matters, it is not necessarily as "simple" to a tyro in the field. See Judge Medina's "A New Judge Tries His First Patent Case", Cornell Law Quarterly, Winter, 1948. I am unable to say that non-infringement is so unmistakably clear that there is no genuine issue as to infringement entitling the plaintiff to judgment as a matter of law; a litigant has the right to a trial where there is the slightest doubt as to the facts. Peckham v. Ronrico Corp., 1 Cir., 171 F.2d 653, 657.

The motion for summary judgment is denied, without costs.