### T. L. SMITH CO. et al. v. CEMENT TILE MACHINERY CO.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1919. Rehearing Denied June 2, 1919.)

#### No. 5153.

1. PATENTS ☞327—VALIDITY AND SCOPE—EFFECT OF PRIOR DECISIONS.
   The sustaining of a patent upon a differentiation from the prior art does not authorize the successful party to gather to himself a monopoly of what was old when he entered the field.

2. PATENTS ☞328—INFRINGEMENT—MIXING MACHINE.
   The Smith patent, No. 803,721, for improvements in concrete mixers, construed, and *held* not infringed.

Appeal from the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Suit in equity by the T. L. Smith Company and others against the Cement Tile Machinery Company. From the decree, complainants appeal. Affirmed.

For opinion below, see 249 Fed. 481.

George L. Wilkinson, of Chicago, Ill. (Alfred Longley, of Waterloo, Iowa, on the brief), for appellants.

John E. Stryker, of St. Paul, Minn., for appellee.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

HOOK, Circuit Judge. This is a suit by the T. L. Smith Company and others for infringement of certain claims of patent No. 803,721, issued to that company as assignee November 7, 1905, for an improvement in mixing machines especially adapted for mixing concrete, etc. A prior suit in the Seventh Circuit by the same plaintiffs against one Foster was defended by the present defendant, the Cement Tile Machinery Company, as the maker and vendor of the machine claimed to infringe. It was held in that case that the Smith patent was not anticipated by prior patents, among which were a British patent, No. 441, to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Day and Lampard, August 2, 1878, and patent No. 433,663 to Taylor, August 5, 1890; also that the Smith patent, which was for a combination of old elements, disclosed invention, and that the machine used by Foster infringed. The decree was affirmed by the Circuit Court of Appeals of that circuit. Foster v. T. L. Smith Co., 157 C. C. A. 296, 244 Fed. 946. The present defendant made a change in its machine, which it contends was not involved in or affected by the decision in the Foster Case, but followed the prior patent to Taylor in the particulars in question. This suit was then brought, first, to enforce against the defendant the decree against Foster; and, second, for a decree that the modified structure of defendant also infringed. The trial court gave the first relief and denied the second. 249 Fed. 481. The plaintiffs appealed from the latter.

[1] The decree in the first suit is conclusive against the defendant as to the validity of the Smith patent and infringement by the machine it made and sold to Foster. Defendant's modified structure, however, was not in issue in that case, and was not considered by the court, and the question here is whether, in the light of the former decision, it infringes also. If the change from the Foster machine is a substantial departure from a vital element or elements of the patent in suit, or a reversion to the prior art, it cannot be said that plaintiffs' rights are invaded. The sustaining of a patent upon a differentiation from the prior art does not authorize the successful party to gather to himself a monopoly of what was old when he entered the field. The prior Taylor patent has expired. Its disclosures are public property, and no range of equivalents can be accorded the Smith patent that would embrace them.

[2] Roughly speaking, a mixing machine comprises a bowl or receptacle for the materials to be mixed, attached to a tiltable frame, which in turn is supported by and moves within a fixed, stable frame or yoke. As its name implies, the interior frame may be tilted, and thereby the mouth or opening of the receptacle which it carries may be put in position on one side or the other of the fixed support for loading or discharging the materials. The receptacle itself may be continuously rotated or revolved for the mixing operation, regardless of the position of the tilting frame. It was stated in the Smith patent that the primary object of the invention was to provide means for tilting the mixing receptacle, and further to provide a simple form of gearing for rotating the receptacle itself. The claims involved in this suit and also in the prior suit are Nos. 16, 17, 18, 28, 30, 31, and 32. An element in each of the first three claims is stated as being means for tilting the frame to any position in the entire circle of its revolution. In the others it is expressed more restrictively as "means for tilting said frame either to the right or to the left of the loading point." In a sense, plaintiffs' structure may be said to be ambidextrous. When the materials have been loaded into the receptacle and mixed by its rotation, they may be discharged on either side of the machine, as may be convenient for the work in hand. The other important feature of the claims in suit is the gear on the receptacle and the means of applying power for rotation, whatever may be the position of the tilting

frame and the receptacle.  The Court of Appeals of the Seventh Circuit very properly held that the means specified for tilting the tilting frame and for rotating the receptacle were essential elements of the Smith combination, that the prior Taylor structure was lacking in those respects, and therefore there was no anticipation from that direction.

The defendant's modified structure is equally deficient in the two features mentioned by which Smith's was distinguished from Taylor's. Its tilting frame carrying the receptacle cannot move in an entire circle of revolution, nor in an arc sufficient for the discharge of the materials from the receptacle on either side of the loading point.  The discharge can be on but one side.  This is not, as in the machine sold to Foster and involved in the former suit, due to a fashionable form of the receptacle, limiting its motion, and which could be abandoned at pleasure, but to the essential character of the mechanical means employed by defendant for its rotation.  In plaintiffs' structure a toothed rack around the middle of the receptacle is engaged by a driving pinion on the end of a shaft passing through a hollow trunnion.  This simple and direct means for rotating the receptacle does not restrain the revolution or movement of the tilting frame.  But defendant employs a train of gears, which with the frames blocks and limits the movement that constitutes the distinguishing feature of plaintiffs' structure.  All of the elements in plaintiffs' patent appeared in the patents to Day and Lampard and to Taylor, but the combination of them was held in the former case to be new, and to produce a new or better result.  But defendant does not secure that result, nor does he employ the particular means specified by plaintiffs, or other means within the comparatively narrow range of equivalents to which plaintiffs are entitled.

The decree is affirmed.