## LOGEMANN BROS. CO. v. GALLAND–HENNING MFG. CO.

### No. 6556.

Circuit Court of Appeals, Seventh Circuit.

Dec. 2, 1938.

Rehearing Denied Jan. 16, 1939.

George L. Wilkinson, of Chicago, Ill., for appellant.

Curtis B. Morsell, of Milwaukee, Wis., for appellee.

Before SPARKS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant appeals from a decree finding plaintiff's two patents, No. 1,549,387, Schmithals, April 11, 1925, and No. 1,766,642, Jacobson and Kruse, June 24, 1930, valid and infringed by defendant. Claims 4 and

558

6 of the first patent and Claim 1 of the second, relied upon, appear in the footnote.[1]

Defendant insists that each of the claims is invalid; that if valid, Claim 6 of the first and Claim 1 of the second patent are not infringed; that plaintiff was guilty of laches, nullifying its right to relief, and of unreasonable delay in filing its disclaimer under the first patent, and that the court should have found plaintiff's acts constituted publication, sale, or prior knowledge of the invention of the first mentioned patent.

Each of the claims relate to a baling press and more directly to one for baling heavy metal scrap. Jacobson and Kruse in the second patent directed their claims specifically to a triple compression press wherein pressure is brought to bear upon the material from three different sides of a cube. Schmithals, however, did not necessarily cover a press in which triple compression was utilized.

Presses in which double compression is brought to bear upon a cube are old. Consequently, Schmithals' claims are directed to the specific construction embodied in his specifications and claims. His alleged new elements are substantially wholly included in the "fixed wedges on the frame of the machine cooperating with wedges on the moving cover to hold it in closed position" and the tension rods utilized to "relieve the press box of objectionable stresses from the action of the high pressure ram," the rods being mounted free of the press box and thus preventing stresses upon the latter.

To force substances together or apart, inclined planes have been utilized from time immemorial. Of these, wedges, cams and screws are typical examples. Wedges operate directly by means of pressure forcing them in the desired position. Cams are in fact curved wedges, movable about an axis, thus achieving a wedging effect when turned. Obviously where tremendous pressures are concerned, a cam is a weaker element than a wedge because of the danger of rupture of the axis of the former. Screws will achieve the same result, but again it is obvious that where speed is desirable in the operation of a machine and in the adjustment of its parts to a prescribed operation, repeated continuously, the use of screws delays the operation and entails additional labor. Consequently it is apparent that the mechanic, dealing with the problem confronting him in baling presses and desirous of achieving a tight clamping joint, would appreciate that the wedge was the most simple and efficient element to achieve the purpose of an inclined plane. In other words, cams and wedges found in prior art are mechanical equivalents, but the use of the wedge is the more desirable because of the prevention of rupture of parts where pressures are tremendous. But it is difficult to conceive that any invention lies in the choice of the obviously better element, the wedge, for the weaker element, the cam.

At any rate we find from the prior art that Bray No. 686,565 employed wedges and Kardos No. 1,409,726, a slidable cover, essentially a wedge, cooperating with inclined surfaces, to achieve clamping effects in their respective balers, and that plaintiff's own publications as early as 1919 described in one baler a movable cover provided with a wedging cam, in another, a high compression ram provided with inclined sur-

---

[1] Claim (4) In a baling press, the combination of a press box, a movable cover for said box, a ram working in said box, another ram working in said box across one end thereof and the front of said first-named ram, fixed wedges supported above the press box over the space worked through by said second-named ram, wedges on said cover cooperating with said fixed wedges to hold the cover closed, and a support for said wedges on the cover having a base covering the area acted on by said second-named ram.

Claim (6) In a baling press, the combination of a press box, a movable cover for said box, a ram working in said box, another ram working in said box across one end thereof and the front of said first-named ram, an hydraulic cylinder in which the piston of said second-named ram is mounted, supports at the front end of the box, a bridge piece mounted on said supports, tension rods connecting said bridge piece with the pressure cylinder of the second-named ram, said tension rods extending loosely through exterior parts of the press box, wedges on said bridge piece, and wedges on said cover engageable with said first-named wedge to hold the cover closed.

Claim (1) In a baling press, the combination with a press box having a closed end and a removable cover, of a pressing member working in said box toward said closed end, a second pressing member working in said box at right angles to said first pressing member and said end, and a third pressing member working in said box at right angles to and across the faces of said first and second pressing members and said end.

faces, engaging fixed wedges provided on the side flanges of the press box; in another, fixed wedges placed above the sides of the press box for engaging wedges carried by the movable cover, and in yet another, wedges carried by brackets constituting a part of the press box, and still other uses of the wedge for the same purpose and to achieve the same result as that claimed by Schmithals. True, plaintiff attempts to distinguish this art from Schmithals' conception, but it seems to us that the distinction is more fanciful than real and that the prior art clearly anticipates this element of Schmithals, in structures differing somewhat in details of construction and in the position of wedges.

The second structural detail upon which Schmithals relied for invention, namely, the use of tension rods mounted free of the press box to relieve the latter of objectionable stresses when the high pressure ram is in use, again, it seems to use, is anticipated by the prior art.

Kardos discloses tie rods passing freely through the press box and connected to the cylinders of the secondary compression to oppose the force created thereby and to relieve strain upon the press box. British Patent No. 220,018 likewise provides tension rods accomplishing the same purpose. Apparently, however, the date of this patent is not early enough to be effective against Schmithals. Consequently we shall not consider it.

Sailor, in Patent No. 467,783, utilizes tension rods connecting the cross members, which support the press box, with the cylinders of the compression ram. True, in his device, the ram works from the top of the press box rather than from the bottom, but this is an unimportant detail of structure. His device is primarily a cotton baler, and different problems are encountered in that field of balers, but he teaches utilization of tension rods to relieve the strain.

Nelson No. 1,372,898 discloses similar elements. He, too, was dealing with a cotton baler and his press has no cover but use of tension rods to relieve tension is clearly within its teaching. Furthermore, plaintiff's own drawings disclose the conception and the utilization of the elements under discussion, prior to Schmithals alleged invention.

We believe each element of the claims anticipated by the prior art. If strict anticipation is not existent, the prior art clearly suggests to the skilled mechanic everything Schmithals taught. Position and rearrangement of parts are not invention, unless there results therefrom something more than the mere mechanical skill of the mechanic in solving problems confronting him.

Jacobson, et al., in Patent No. 1,766,642 describe a triple compression press and provide in a baler for application of pressure upon three of the six sides of a cube. The first operation is that of a compressing ram from one side operating horizontally and longitudinally; the second is compression applied at right angles to the first; the third, compression applied at right angles to each of the others.

The art is replete with devices with double compression elements and it is difficult to appreciate how the addition of the third compression element can constitute invention. However, we find in Sharp, British Patent 8447, dated April 16, 1908, a hydraulic baler for scrap material. In Figure (5) he suggests a modification of his previously described device and therein obtains his first compression by a slidable ram and his second and third by two other pressing members, the third passing across the faces of the first and second members. While Sharp did not disclose all of the details of Jacobson and did not use the movable cover included in Jacobson, it seems apparent that he fully anticipated all of the elements in the claim at issue. Jacobson utilized a cover which was old and Sharp suggested the same triple compression as Jacobson.

We believe that invention was not involved in anything that Jacobson claimed. Independent of the question of anticipation, we are of the opinion that he and his associate disclosed nothing more than mere mechanical skill in applying the teachings of the prior art.

In view of our conclusion that each of the claims relied upon is invalid, it is unnecessary to comment upon defendant's additional assignments of error.

The decree of the District Court is reversed with directions to proceed in accord with this opinion.