**GALION IRON WORKS & MFG. CO. v. BECKWITH MACHINERY CO.**

No. 6877.

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa. (George I. Haight, of Chicago, Ill., Charles M. Nissen, of Columbus, Ohio, and Edgar F. Beaubien, of Chicago, Ill., of counsel), for appellant.

Brown, Critchlow & Flick, of Pittsburgh, Pa. (Chas. M. Fryer and Alfred C. Aurich, both of San Francisco, Cal., of counsel), for appellee.

Before MARIS, BIDDLE, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

This is a patent infringement suit in equity involving plaintiff's Patent No. 2,020,271, issued on November 5, 1935, to Roy J. Winsor, on an application dated April 7, 1923, on sixteen claims added to the application shortly before the patent issued.[1] Judge Schoonmaker, before whom the case was tried, held that there was no infringement, and therefore deemed it unnecessary to pass on the validity of the patent. On July 7, 1938, he entered a decree that the defendant had not infringed, and dismissed the bill of complaint. In his findings of fact, however, the learned trial judge found not only that the accused machine was substantially in line with the prior art, but also that the only novelty in the plaintiff's patent was in the means for coupling a tractor with "an ordinary road-working" machine. The plaintiff appealed, and argued to us both the validity and infringement. We have

---

[1] Such enlargements cannot interfere with inventors who have entered the field meanwhile, and must be strictly construed. Chicago & N. W. Railway Co. v. Sayles, 97 U.S. 554, 563, 24 L.Ed. 1053; Hestonville, M. & F. Pass. R. Co. v. McDuffee, 3 Cir., 185 F. 798, 802; United Shoe Machinery Co. v. L. Q. White Shoe Co., D.C., 270 F. 650, 655, 656, affirmed in 1 Cir., 279 F. 35, 37; Union Special Mach. Co. v. Willcox & Gibbs Sewing Mach. Co., D.C., 32 F.2d 924, 925, 926, 927, 928; Standard Oil Co. v. Berry Sons Co., 3 Cir., 92 F.2d 386, 388.

942

concluded that the decree was proper, and shall therefore discuss only the question of infringement.

Claim 31, quoted by the trial judge as a typical claim, thus describes the invention: "In a power operated road machine, the combination with a relatively long vehicle frame comprising spaced-apart elongated symmetrically arranged side members, of a power traction unit at one end portion of said frame and comprising an engine connected by power transmission mechanism to ground engaging devices, a steering wheel unit at the other end portion of said frame, a road working implement adjustably mounted on said frame in position to operate on material along the path of travel of the machine, mechanism between the said spaced-apart side members and the forward central portion of said power traction unit to hold the latter in fixed relation to said frame independently of said steering wheel unit, the power traction unit being otherwise supported solely by said ground engaging traction devices, spaced-apart supporting connections between the said spaced side members and said ground engaging traction devices to afford support of said frame solely by said traction devices and said steering wheel unit and provide connections at three spaced points between the frame and the power traction unit, an operator's station, and means operable from said operator's station for adjusting the working implement and actuating said steering wheel unit during movement of the machine along the roadway by means of said traction unit."

The Winsor patent, as described in the application, related to a road-working implement "assembled by bringing together a power-traction unit of an ordinary standard type of tractor * * * and a suitable framework provided with steerable wheels and a road working implement * * * connected * * * in a manner to constrain rotation of the power-traction element with respect to the frame about a horizontal axis." An advantage claimed in the application is the convertible feature—converting a standard tractor by attaching it to the road working implement. "Thus the operation of converting a tractor into a machine of the type described, consists simply in detaching the front wheels, attaching the same to the forward truck of the framework, and * * * securing the rear ends of the side frames about the rear axles of the tractor driving mechanism. * * * Thus a pulling tractor is almost instantly converted into a road machine, wherein the power plant becomes the pushing element for the completed converted machine."

If the accused machine is substantially identical with the prior art there can be no infringement.[2] The conclusion of identity made by the trial judge is a finding of fact,[3] which will not be disturbed unless there is no substantial evidence to support it.[4] Such evidence exists. Defendant's expert witness Bates testified that the accused machine and the Oswald machine, a part of the prior art, are "practically the same in essential details" with respect to the frame mechanism, the control mechanisms, and the roadworking implement. Plaintiff contends that the Oswald machine is not suitable for ditching and shaping shoulders of roads; but the only evidence is directly to the contrary. That few Oswald machines may have gone into use does not make it ineffective as part of the prior art.[5]

There is substantial evidence, also, of the fundamental identity between the accused machine and others in the prior art: the Fossum 1917 machine; and the Moats 1897 Grader, powered with the Ruemelin Power Unit 1908. Though appellant argues dissimilarity it does not point to evidence to sustain the argument. The trial judge found that the accused machine was

[2] Thompson v. Boisselier, 114 U.S. 1, 9, 5 S.Ct. 1042, 1046, 1047, 29 L.Ed. 76; T. L. Smith Co. v. Cement Tile Machinery Co., 8 Cir., 257 F. 423, 424; Stafford v. Albers Bros. Milling Co., 9 Cir., 263 F. 86; Western Electric Co. v. Wallerstein, 2 Cir., 60 F.2d 723, 730.

[3] Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 301, 312, 29 S.Ct. 495, 53 L.Ed. 805; Stilz v. United States, 269 U.S. 144, 147, 46 S.Ct. 37, 70 L.Ed. 202.

[4] Metropolitan Nat. Bank of Pittsburg v. Rogers, 3 Cir., 53 F. 776, 779; Wald v. Longacre, 3 Cir., 34 F.2d 25, 27; Frank v. Atwood, 3 Cir., 75 F.2d 918, 920.

[5] Corona Cord Tire Co. v. Dovan Chemical Corporation, 276 U.S. 358, 384, 48 S.Ct. 380, 72 L.Ed. 610; Smith v. Hall, 301 U.S. 216, 57 S.Ct. 711, 81 L.Ed. 1049; Standard Sanitary Mfg. Co. v. Iron City Sanitary Mfg. Co., 3 Cir., 222 F. 671, 678.

"substantially in line with the prior art." We can see no reason to disturb this finding.

The trial judge was of the opinion that a reading of the patent drawings and specifications of the patent in suit made it plain that the invention "rests in the means for coupling any of the well known tractors * * * with an ordinary road working machine * * *"; and that there was no such provision for use of the accused machine in such a way. Appellant argues that the claims in suit are not limited to the drawings and specifications. But the opinion does not indicate such a limitation; and the language[6] of the application, as we have seen, and of the oath in support thereof,[7] characterize the "attachment" feature. The claims in suit define the combinations of the parts described in the specifications and drawings to which Judge Schoonmaker refers. Clearly he committed no error in resorting to these to disclose the invention.[8]

Judge Schoonmaker referred to Myers v. Austin-Western Road Machinery Co., 45 F.2d 751, in the Seventh Circuit, as similarly deciding. The two patents there involved covered frame structures and harvesting machinery attachable to tractors. The accused machine, instead of employing a complete tractor, had an engine secured in the frame as an integral part of a self-propelling road grader. The court held that the patents were not infringed because of this difference. Appellant tries to seek comfort from the case by arguing that the Court held that the accused machine was the Winsor machine, "with immaterial differences". But the Winsor patent had not then been issued, and the court was therefore not referring to a machine manufactured under the Winsor patent. Similarly Myers et al. v. Hadfield-Penfield Steel Co., 6 Cir., 10 F.2d 56. In Northern Trailer Co. v. La Plant et al., 21 F.2d 696, the Circuit Court of Appeals for the Eighth Circuit held invalid for lack of invention a patent covering a detachable combination of snowplow, similar to those in prior use, and caterpillar tractor.

We conclude that the District Court properly dismissed appellant's bill.

Order affirmed.

---

[6] The application begins: "My present invention relates to a novel and improved road-working implement which may be assembled by bringing together a power traction unit of an ordinary standard type of tractor * * * and a road working implement. * * * By means of my invention I provide suitable attachments to apply to such tractors, to convert them into relatively lengthened vehicles * * * I can convert a standard type of tractor into an efficient operating machine. * * *"

[7] The oath describes the invention as "tractors and attachments therefor."

[8] Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 432, 22 S.Ct. 698, 46 L.Ed. 968; American Fruit Growers, Inc., v. Brogdex Co., 283 U.S. 1, 6, 51 S.Ct. 328, 75 L.Ed. 801.