### WARP v. WARP et al.
### No. 7665.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

John A. Marzall, of Chicago, Ill., for appellant.

J. Rex Allen, of Chicago, Ill., for appellees.

Before EVANS, MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff seeks to reverse a judgment of the District Court finding his patent 2,181,555 invalid. His invention is exemplified by typical claims 3, 5 and 12.[1]

Plaintiff disclosed a device contained in and including a carton of cardboard, which serves primarily as a shipping container for rolled goods. When opened, the front and top of the container are folded back and upward, usually with display advertising thereon. The carton, thus opened, displays rolled goods for sale, mounted on a winding rod. The end flaps are stapled to provide a rigid end wall structure remaining intact when the carton is opened. Two end-members of plywood are supplied with the carton and goods, to be set up at either end of the container, between the roll of material and the end flaps, so that they are firmly fixed, the winding rod upon which the goods are wound being mounted in properly provided grooves in the end pieces. Attached at one end of the winding stick is a small crank to facilitate turning it. In appropriate slots on the end pieces, is placed also a split winding stick. When goods are to be removed from the original coil to be delivered to a purchaser they are wound on the split winding stick until the desired quantity has been removed from the original coil to the smaller one, the material having stamped on the margin the measurements in feet and inches. When the desired amount has been wound on the split stick, the material is severed, slipped off and delivered to the purchaser.

The court found that an identical container and a similar dispensing and display device were in public use for more than two years prior to the filing of the application, basing the finding upon the testimony of defendant, who described the prior use and the time from which it dated. Plaintiff did not cross-examine defendant and offered no testimony in rebuttal. An analysis of the testimony discloses ample basis for the court's finding in this respect.

But plaintiff contends that the prior use does not constitute anticipation and that he achieved invention over it by his improvement thereon. A decisive question, therefore, is whether the teachings of the prior use are such that what plaintiff did, as described in his patent, amounted to invention over the prior use.

This prior device has end pieces similar to those of the patent, in which the same slots appear and in one of which are placed the goods mounted on a winding rod to be unwound and sold and in another of which is placed a split stick, upon which, wound by a crank, are rolled the goods sold. It employs the same means and the same methods and obtains with equal

1 3. A combined display and dispensing assembly for sheet material in a roll comprising a carton openable to form a display device, means for supporting within said carton a roll of the material to be dispensed, a rewinding device having means for releasably securing an end of the material thereto for rewinding of the material from the roll onto said device, and means forming constituent parts of the ends of said carton when open providing a support for said rewinding device.

5. A combined shipping and dispensing assembly for sheet material in a roll comprising a carton, in which a roll of the material may be shipped, openable with a part of each end wall intact and rigidly upstanding, a rod upon which a roll of the material to be dispensed may be mounted, supported on said rigidly upstanding parts of the end walls of said carton, a winding device having means for releasably securing thereto an end of the material to be dispensed for winding of the same thereon, and means for rotatably supporting said winding device above and spaced from said rod including the upstanding part of the end walls of said carton.

12. A combined shipping and dispensing assembly for sheet material in a roll comprising a carton in which a roll of the material may be shipped openable to expose to view the material in said carton, a winding device having means for releasably securing an end of the material thereto for winding of the same thereon, and a rigid, flat member disposed at each end of said carton between the end wall thereof and the adjacent end of the roll of material in said carton, each of said members extending above the side and end walls of said carton and having at one end a base portion receivable within said carton to be supported in upright position by the end wall of said carton and the upper end having a bearing for rotatably supporting one end of said winding device.

facility the same results as the patented device. There is nothing in the patent in elements, means, methods or results in this respect anywise different from the prior device. Plaintiff did, however, provide that the support for the end pieces should consist of the shipping carton. In other words, plaintiff added a shipping carton so built as to constitute and remain the permanent unwinding device of the prior use in the store of the retailer. He used the same rolls of material, the same main winding stick, the same split stick, the same crank, the same end pieces, the same slots and precisely the same method of operation. The only difference is that the patent prescribes that the shipping carton shall be used as the base.

Plaintiff, in the position of a mechanic, having before him the prior device and all of its teachings, adopted bodily what had been developed and merely added to it the shipping carton, so constructing it that it could be made the base of the winding device. To our minds this did not rise to the dignity of invention. The only problem solved by the patentee was so constructing the shipping box as to supply the base for the winding device in order to save money. But the solution was one that any skilled mechanic faced therewith would readily achieve. When once the builder appreciated the desirability of the saving, it was a very simple matter to add to the prior art, the shipping container. To validate such a patent is to do that which the courts have heretofore refused,—grant to a party a monopoly for a slight advance involving only mechanical or engineering skill. It is not the purpose of the patent laws to grant a monopoly for every trifling device, "every shadow of a shade of an idea" which would naturally occur to any skilled mechanic in the ordinary progress of manufactures. The purpose and intent of the constitutional provision protecting inventions and creations would be defeated by recognition of invention in such chimerical claims and unjustified monopolies extended. Atlantic Works v. Brady, 107 U. S. 192, 2 S.Ct. 225, 27 L.Ed. 438; Detroit Gasket & Mfg. Co. v. Victor Mfg. & Gasket Co., 7 Cir., 114 F.2d 868; Logemann Bros. Co. v. Galland-Henning Mfg. Co., 7 Cir., 100 F.2d 557. We think everything included in this patent was suggested by the prior use and that only ordinary mechanical and engineering skill was exercised by plaintiff.

The judgment of the District Court is Affirmed.