RONNING MACHINERY CO. et al. v. CATERPILLAR TRACTOR CO.

No. 7732.

Circuit Court of Appeals, Seventh Circuit.

May 27, 1942.

Rehearing Denied July 16, 1942.

Harker H. Hittson, of Columbus, Ohio, for appellants.

Alfred C. Aurich, and Chas. M. Fryer, both of San Francisco, Cal., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiffs appeal from a judgment dismissing their complaint for want of equity. They alleged infringement of their patents Winsor 2,020,271, Ronning Reissue 19,846, Ronning 1,658,353, Ronning 1,883,403 and Arndt 2,147,631. They rely principally upon Winsor. The court held the Winsor and Ronning Reissue patents not infringed and the others invalid.

The Winsor patent was before the District Court in Galion Iron Works & Mfg. Co. v. Beckwith Mach. Co., 25 F.Supp. 73 and the Third Circuit Court of Appeals on appeal in 105 F.2d 941. The trial court there held the patent not infringed and the Court of Appeals affirmed. Claims 2 and 10 here involved were not sued upon in that case but their presence now, we think, avails plaintiffs nothing here. Claim 31 quoted by Judge Schoonmaker in the District Court is typical. The quotations from the application in the District Court and the discussion in the Court of Appeals eliminate the necessity of repetition here.

Winsor's Claim 3 is for a combination of a tractor secured at its front end to a frame extending forwardly, wheels beneath the forward end of the frame and the rear end of the tractor, an adjustable grader blade carried by the frame, an operator's station and controls extending therefrom to control the grader blade and a steering wheel by the operator. This is in effect a claim for a combination of any ordinary tractor, from which the front wheels have been removed, with an ordinary road grader, the front end of the tractor being attached to the rear of the grader. Claim 16, similar to 3, includes also a "supporting connection between said internal combustion engine and said frame." Under Claim 31, by a superfluity and complexity of words, the patentee combined (1) a vehicle frame; (2) "a power traction unit"; (3) wheels furnishing traction; (4) a steering wheel ahead of the traction unit on the frame; (5) a road-working implement adjustably mounted on the frame; (6) a three-point suspension of the front of the power unit by the frame; (7) an operator's station; (8) means operable from the operator's station for adjusting the working implement (grader blade) and actuating the steering wheel. Numerous other claims are merely variations of the same combination.

Each element is old. Road graders with adjustable blades, gasoline engine tractors,

three-point suspension in mechanical construction, steering wheels, and means for actuating the blade and the steering wheel have repeatedly been employed by mechanics working in the art. Our question is whether by combining these old elements and, specifically, by placing the tractor or "power unit" at the rear, suspending the front end thereof in a specified manner and so arranging the actuating means for steering and operating the tool as to make it possible for one man to drive the tractor and manipulate the grader blade from one station, the patentee achieved such novelty and utility as to amount to invention over the prior art.

Moats' grader was made as early as 1897. By adding to it a traction power plant at the rear, a mechanic would achieve everything that Winsor accomplished or taught.

Godley in 1908 patented a power cultivating device with a power unit at the rear, a wheel in front and an earth working device between the two, all operated by one man.

Dawson in 982,480 as early as 1906 demonstrated a like combination. He had a tractor at the rear, an earth working device mounted on a frame ahead thereof, supporting wheels at the front of the frame, a steering wheel and means for operating his plows and guiding the machine both from one station. His arrangement was that of Winsor. His tractor was not the same and the earth working device was a series of plows instead of one scraper blade. But these differences of Winsor do not achieve invention. Indeed, Winsor's problem of mounting successfully one grading blade instead of five plows was simpler than that of Dawson.

Ronning in 1,340,461, 1916, described and claimed an earth working device wherein the tractor was attached to the rear end of the frame, with an operator's seat in front or at the side of the motor. At his station there were means for steering and for controlling the earth working blades. The implements were a series of plows or cultivators rather than a road scraper; but this fact is wholly immaterial as is also the fact that the tractor was not that of Winsor's choice. The essential fact is that Ronning's combination was that of a power device pushing an earth working device, steering the machine and controlling operation of the working blades from one position by one man being possible. With this earlier patent before him, Winsor needed only to make his choice of tractors, his choice of earth working blade and connect the same in a manner taught by Ronning.

Oswald's one man power road grader, in use as early as 1919, combined a traction power plant and a grader on wheels all operated by one man.

Russell, in 1920, supplied all of the elements of Winsor in combination except, perhaps, the socalled "three-point suspension" and placement of the motor at the rear instead of the front. The three-point suspension had been disclosed earlier by Ruemelin in 1908. We think positioning the power unit at the rear instead of the front did not constitute invention, and, as we have seen, rear placement had been taught by earlier delvers in the art.

Fossum's patent 1,235,456 of 1917 disclosed a self-propelled, pushed road grader capable of operation by one man. Whether he taught adjustability of the grader blade to the same degree as subsequent patentees, such as Winsor, did, seems to us of little importance. It is doubtful that Winsor himself gave full instruction in this respect, but, if he did, the accomplishment was nothing more than extension of the element in accord with the application of the art of a skilled mechanic.

With all these and other readily accessible teachings shown in the record before him, Winsor did nothing more than attach a well known road grader to the front of an ordinary tractor, employing in the attachment a three-point suspension, a well known expedient, and placing the operator's station at a point where he could, with well known means, both steer the machine and operate the grader at one and the same time. Moving the tractor to the rear, even had it not been taught by the prior art, was a mechanic's choice. Mere reversal of parts or change in proportions, such as increase in strength, size or weight is not usually deemed sufficient to constitute achievement of invention. Logemann Bros. Co. v. Galland-Henning Mfg. Co., 7 Cir., 100 F.2d 557, 559; General Mchy. Corp. v. Clearing Mach. Corp., 7 Cir., 104 F.2d 553, 556; American Road Machine Co. v. Pennock & Sharp Co., 164 U.S. 26, 35, 41; 17 S.Ct. 1, 4, 7, 41 L.Ed. 337; Powers-Kennedy Contracting Corp. v. Concrete Mixing & Conveying Co., 282 U.S. 175; 51 S.Ct. 95, 99, 75 L. Ed. 278. Nor have we considered it inven-

tion to provide a well known motive power to propel a well known machine without changing the essential character or utility of the parts of either or of the combination. Sheffield Car Co. v. Buda Foundry & Mfg. Co., 7 Cir., 187 F. 847, 850; National Regulator Co. v. Powers Regulator Co., 7 Cir., 160 F. 460, 463. See, also, Fruehauf Trailer Co. v. Highway Trailer Co., 6 Cir., 67 F.2d 558, 560. As this court said in National Regulator Co. v. Powers Regulator Co., 160 F. 460, 463, "So the case, in our judgment, comes to this: Can a monopoly be properly granted for coupling without modification a motor that will run any kind of a machine, to a machine that will run with any kind of motor? The answer to the question thus stated is found in Blake v. San Francisco, 113 U.S. [679], 682, 5 S.Ct. 692, 28 L.Ed. 1070; Royer v. Roth, 132 U.S. 201, 10 S.Ct. 58, 33 L.Ed. 322, and numerous other cases. The result was a distinct step in advance. But it was the inevitable result of attaching to each other the unchanged appliances."

More must be done than to utilize the skill of the mechanic in bringing old tools into new combinations. Perfection of workmanship, however much it may increase convenience, extend use, or diminish expense, does not, in the absence of challenging circumstances, amount to original creation. A new application of an old device or a new combination of old elements may not be properly patented if the result claimed as new is the same as originally even though the new practice has not been contemplated before. Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. ——. Applying these rules to the facts here, we think there can be no question that if the prior art did not completely anticipate Winsor, it taught him how to accomplish everything he did. His advance was not that essential "flash of genius" resulting in novelty and utility in the art. He made no invention.

The Ronning Reissue patent is in the same category as Winsor. For years Winsor and Ronning quarreled as to their respective priorities. To our minds this was labor wholly lost. The two devices are to all intents one and the same; neither is patentably different from the other. The difference in position of the operator's station in the two graders is of no significance. For the reasons we have suggested as to Winsor, Ronning Reissue patent, too, is invalid.

The three remaining patents, Ronning 1,658,353 and 1,883,403 and Arndt 2,147,631, the District Court found invalid. Ronning 1,658,353 relates to the problem of attaching an unstable tractor to a grader frame and thus provide the tractor element of a complete working machine. Everything that Ronning did here was taught by Dawson. Ronning 1,883,403 the trial court found anticipated by the Oswald patent and Oswald prior use. If Ronning disclosed anything additional to Oswald as to possibility in raising and lowering the grader blade, that teaching was no stroke of genius but merely ordinary skill at work. Weidhaas v. Loew's, Inc., 2 Cir., 125 F.2d 544. Arndt is said by plaintiffs to have been the first to suggest a road grader in which the blade could be adjusted to a vertical position. The trial court's finding of anticipation in Hawley 1,213,869 we think proper. Some differences in detail of construction are apparent, but substantial identity of the two devices is shown.

Plaintiffs direct our attention to our decision in Galion Iron Works & Mfg. Co. v. Adams Mfg. Co., 105 F.2d 943 where certain of these patents were involved. But there the question of validity was not presented. Indeed, it could not have been a pertinent issue, for the controversy was between licensor and licensee. Upon the present record an entirely different state of facts exists. The question of validity is directly presented and our former decision is in no wise helpful in our present conclusion upon the merits of the issue.

The District Court did not pass upon the question of validity as to certain of the patents but held that the devices complained of did not infringe. As we have said, the prior art open to Winsor was also open to defendant. To our mind there is nothing new in what any of the delvers did subsequent to the development of the prior art along the lines we have mentioned. If we were wrong in our conclusion as to invalidity, in view of the prior art, we would be compelled to restrict the patents to the specific constructions mentioned in the respective claims, and, in that case, to agree with the District Court that, under such construction, the devices complained of are not within the scope of the claims sued upon, as pointed out by the trial court and by both the District Court and the Court of Appeals in Galion Iron Works & Mfg. Co. v. Beckwith Mach. Co., 25 F.Supp. 73 and 3 Cir., 105 F.2d

941; Myers v. Austin-Western Road Machinery Co., 7 Cir., 45 F.2d 751; General Electric Co. v. Allis-Chalmers Co., 3 Cir., 178 F. 273, 276; Standard Tobacco Stemmer Co. v. Tobacco Stemming Machine Co., D.C., 237 F. 822, 827, affirmed 3 Cir., 247 F. 112; Westinghouse v. Boyden Power-Brake Co., 170 U.S. 537, 568, 18 S.Ct. 707, 42 L.Ed. 1136; Elevator Supplies Co., Inc., v. Graham & Norton Co., 3 Cir., 44 F.2d 354, 355, 357.

The judgment is affirmed.