**Doris NYYSSONEN, Administratrix of the Estate of Einard Nyyssonen, Deceased, Plaintiff, Appellant,**

**v.**

**BENDIX CORPORATION, Defendant, Appellee.**

**No. 6189.**

United States Court of Appeals First Circuit.

Feb. 9, 1966.

David Rines, Robert H. Rines and Rines & Rines, Boston, Mass., for appellant.

Morris Relson, New York City, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff, Nyyssonen, brought suit for infringement of two patents. The district court found both to be invalid and not infringed. On appeal we affirmed the finding of noninfringement, but declined to consider the question of validity. Nyyssonen v. Bendix Corp., 1 Cir., 1965, 342 F.2d 531. Plaintiff moved for rehearing, alleging a number of derelictions, if not complete abdication, of our judicial function. Upon our denial without opinion, plaintiff sought certiorari. This was denied October 11, 1965, 382 U.S. 847, 86 S.Ct. 63, 15 L.Ed.2d 86.

Plaintiff has now filed a motion in this court * for leave to file, in the dis-

---

* This was, of course, the proper procedure. Wilson Research Corp. v. Piolite Plastics Corp., 1 Cir., 1964, 336 F.2d 303.

trict court, a motion under Rule 60(b) (1), (2), (3) and (6). In part the proffered motion asks the district court to reverse itself for lack of consideration of plaintiff's case in its original decision. This would be improper for a number of reasons, not the least of which is that it is clearly time barred. Rules 60(b), 6(b); see Corn v. Guam Coral Co., 9 Cir., 1963, 318 F.2d 622, 628–29; 7 Moore, Federal Practice 319–21 (2d ed. 1955).

Examination of the remainder of the motion discloses that it is but a thinly disguised attempt to induce the district court to reverse the decision of this court. For example: "There was no evidence to support this holding * * * [of the Court of Appeals]"; "[T]he plaintiff has never had her day in court * * *"; "The ruling of the Court of Appeals * * * constituted mistake and inadvertence on the part of the Court of Appeals." In one instance the plaintiff speaks of new evidence. It is not alleged to be newly discovered, but is described merely as evidence which would meet a supposed misconception in our opinion.

It is our province, and apart from review by the Supreme Court, our province only, to correct errors in our decisions. The motion which plaintiff desires to file in the district court would be entirely without its jurisdiction. The motion for leave to present these matters to the district court is frivolous.

Treating the motion, or the proposed motion, as a further application for rehearing, it must also be denied. It contains nothing of substance that could not have been asserted in a timely motion in response to our original opinion. Indeed, much of the motion merely restates plaintiff's original petition. We do not propose, after one petition for rehearing and a petition for certiorari have been denied, to entertain successive petitions of such a nature.

*The motion for leave to file is denied.*

ALDRICH, Chief Judge (concurring).

Because it is sometimes difficult to sweep aside assertions of deprivation of rights, even though untimely, and even though the speaker manifestly protests too much, I will add a comment about the least unsound of the claims here asserted. I would like to observe, that quite apart from the grounds given in this court's original opinion, I find the district court's holding of noninfringement supported by other of its findings which, in turn, are adequately supported by the record. In particular, I refer to findings number 40 and 43, the latter of which reads, "The accused devices were the result of applying Glass's teachings * * *," i. e., the teachings of a prior art patent. I have searched plaintiff's arguments for an explanation of how the accused devices deviated from Glass's disclosure and have found nothing that could justify overturning the district court's finding that they did not, certainly nothing which indicates that what deviations there might have been, followed from plaintiff's disclosures rather than other prior art. "If the accused machine is substantially identical with the prior art there can be no infringement." Galion Iron Works & Mfg. Co. v. Beckwith Mach. Co., 3 Cir., 1939, 105 F.2d 941, 942.