MUNICIPALITY OF COAMO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, JOSÉ ANDREU GARCÍA, JUDGE, Respondent; LETICIA RAMOS APONTE, Intervener.

No. O-70-158.     Decided May 11, 1971.

*Enrique Corchado Juarbe* for petitioner. *H. Febus Bernardini* for intervener.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

The issue in controversy herein is whether the fact that a party who claims unpaid wages from a municipality which wrongfully discharged her, testifies at the trial not having received wages from any other source whatsoever during part of said period when, actually, the truth is that during that time she was working for the government of Puerto Rico, constitutes fraud upon the court, which may be alleged by motion for relief from judgment out of the term of six months fixed by Rule 49.2 of the Rules of Civil Procedure.

On October 1, 1966, Leticia Ramos Aponte filed a petition for mandamus in the Superior Court of Puerto Rico, Ponce

Part, against the Municipality of Coamo, requesting her reinstatement in her former position as School Treasurer-Director in the Municipality of Coamo and claiming salaries to which she was allegedly entitled for having been wrongfully discharged.

After the lapse of several years and a slow proceeding, including an appeal before this Court,[1] on March 3, 1969, the trial court rendered judgment against the Municipality of Coamo. On said date the latter was registered, dismissed and notified to the parties. The judgment ordered the Municipality of Coamo to pay unpaid salaries to Mrs. Ramos Aponte as a result of her wrongful discharge from August 15, 1966 to January 13, 1969. In the hearing of the case, plaintiff testified not having received salaries from any other source whatsoever during the period specified in her claim. The Court dismissed the petition for mandamus for being academic, and because the municipal administration incumbency had terminated since January 13, 1969.

The Municipality of Coamo appealed to this Court by motion to review.[2] On February 25, 1970, we "dismissed" the petition and in the same manner, on April 8, 1970, we disposed of a motion for reconsideration.

The order having been notified, the municipality filed a motion, on May 1, 1970, in the trial court under Rule 49.2 of the Rules of Civil Procedure requesting relief from the effects of the judgment. Over a year had elapsed after the judgment had been rendered and notified.

In the motion for relief the municipality alleged that plaintiff committed fraud upon the court by testifying at the trial that she had not received any salaries of any kind whatsoever during the period she was wrongfully discharged,

---

[1] See case No. R-67-27 (*Ramos Aponte* v. *Rivera Ortiz, Mayor of the Municipality of Coamo*).

[2] See case No. R-69-89 (*Ramos Aponte* v. *Rivera Ortiz, Mayor of the Municipality of Coamo*).

when, actually, she was receiving earnings from other employments which she discharged in governmental agencies during a considerable part of the same period alleged in the claim.

The Municipality of Coamo alleges that there is a legal impediment to effectuate the payment of the compensation to Mrs. Ramos; that Article VI, § 10, of the Constitution of the Commonwealth and § 177 of the Political Code of Puerto Rico forbid the payment ordered in the judgment of the Superior Court.

Mrs. Ramos objected thereto. She alleged that the motion was untimely and that the court lacked jurisdiction inasmuch as more than six months had elapsed, which is the maximum period established for filing motions under Rule 49.2 of the Rules of Civil Procedure.

The Superior Court held a hearing on both motions. For the only purpose of considering the question of jurisdiction raised, it accepted in evidence a letter from the Health Department of the Southern Health District which informs that Mrs. Ramos Aponte occupied a position as clerk-typist I in the Program *Cuidado Materno Infantil* in Ponce from September 11, 1967 to March 9, 1969, earning a salary of $200 monthly.

On June 30, 1970, the Superior Court denied the motion for relief from judgment.

■ We understand that the Superior Court acted correctly in denying the motion for relief from judgment. Rule 49.2[3] tries to harmonize the interest that the cases be decided

---

[3] Said Rule provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered essential evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 48;

(3) Fraud (whether heretofore denominated intrinsic and also that

on the merits and that justice be done in view of the interest that litigations come to a conclusion, granting the party against whom judgment is rendered the opportunity to move for relief from its effects within a term of six months after notice thereof in such cases as established therein. In the case of *Secretary of Labor* v. *Superior Court*, 91 P.R.R. 839, 842 (1965), this Court held that:

"Pursuant to█ the six-month term provided in the former Rule 60 [49.2] we have consistently held that it is fatal."

In the same sense, see: *Heirs of Rosario* v. *Heirs of Cortijo*, 83 P.R.R. 653 (1961); *Banco Popular* v. *Superior Court*, 82 P.R.R. 236 (1961); *People* v. *632 Sq. Mts. of Land*, 74 P.R.R. 897 (1953); *Great American Insurance Co.* v. *District*

----

denominated extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

"The provisions of this rule do not apply to judgments in divorce suits, unless the motion is based on reasons (3) or (4). The motion shall be made within a reasonable period and in any case not more than six months after the judgment, order or proceeding was entered or taken. A motion under Rule 49.2 does not affect the finality of a judgment or suspend its operation. *This rule does not limit the power of a court* (a) to entertain an independent action to relieve a party from a judgment, order, or proceeding, (b) to grant relief to a party not actually notified, and (c) *to set aside a judgment for fraud upon the court.*

"During the pendency of an appeal from a judgment the court below may not grant a relief under Rule 49.2 except with leave of the appellate court. After judgment is entered by the appellate court, no relief may be granted under Rule 49.2 which is not consistent with the mandate unless leave is first obtained therefor from the appellate court. In both cases the motion for relief shall always be made in the court below, within the aforesaid period, and if the court below signifies its willingness to grant the relief, application for such leave shall then be made to the appellate court." (Italics ours.)

*Court,* 67 P.R.R. 529 (1947). See also, 7 Moore's Federal Practice 316–325, § 60.28[2]; and 3 Barron and Holtzoff, Federal Practice and Procedure 420–427, § 1330 (Wright revision).

■ The rule fixes a term of six months to file the motion reckoned "after the judgment . . . was entered. . . ." The fact that during part of that term the case was pending consideration in a review or appeal proceeding does not interrupt the aforementioned term. Commenting on Rule 60(b) of the Federal Rules of Civil Procedure, Moore sustains that ". . . an appeal from the final judgment does not enlarge the time within which to move for relief. . . ." 7 Moore's Federal Practice 334, § 60.30[1]. The Federal Court of Appeals First Circuit holds the same opinion. *Nyyssonen* v. *Bendix Corp.,* 356 F.2d 193, 194 (1966). This is so in our jurisdiction, more reasonably, since our rule, different from the federal rule, expressly permits the filing of the motion for relief, even in cases pending appeal, provided leave is first obtained therefor from the appellate court, as well as the decision of the court below signifying its willingness to grant the relief and the application for such leave shall then be made to the appellate court within the term fixed therefor.

■ Rule 49.2 does not limit the power to relieve a party from the effects of a judgment ". . . (c) . . . for fraud upon the court." In *Martínez* v. *Superior Court,* 83 P.R.R. 345, 356 (1961) in construing the aforementioned clause we pointed out that:

". . . The six months' period does not limit an application for relief under this rule from the effects of a judgment for fraud upon the court. . . ."

See, *Heirs of Rosario* v. *Heirs of Cortijo, supra,* and *Calderón Molina* v. *Federal Land Bank,* 89 P.R.R. 689 (1963).

The municipality alleges that plaintiff committed fraud upon the court for which reason the period of six months is

not applicable. The alleged fraud consists in her having failed to inform the court that during part of the time covered by the claim for unpaid "salaries" due to the wrongful discharge, she was employed by other governmental agencies. They rely, as basis for the motion, on § 177 of the Political Code of Puerto Rico, 3 L.P.R.A. § 551[4] and Art. VI, § 10, of the Constitution which provides:

"No person shall draw a salary for more than one office or position in the government of Puerto Rico."

Rule 49.2 contemplates two species of fraud. It distinguishes them by establishing that in case of fraud inter partes the motion for relief must be filed within the term of six months. In the cases of fraud upon the court, the latter may set aside the judgment without any time limitation whatsoever. The distinction between two species of fraud is made by Moore as follows:

"Fraud upon the court should, we believe, embrace only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that

---

[4] This section reads:

"No officer or employee regularly employed in the service of the Commonwealth Government, or of any municipality or dependency thereof, whose salary, pay or emoluments are fixed according to law, shall receive any additional pay, extra-allowance or compensation from the Commonwealth Government or from any municipality, board, commission or dependency thereof, in any form whatever, *for any personal or official service whatever*, though rendered in addition to the ordinary duties of such officer or employee, unless such additional pay, extra-allowance or compensation be expressly authorized by law and the appropriation therefor explicitly states that it is for such additional pay, extra-allowance or compensation; Provided, however, That nothing herein contained shall be applicable to physicians and *practicantes* rendering services in district jails and sanitary and charitable institutions of the Commonwealth of Puerto Rico, who shall be entitled to receive additional compensation for such services in an amount not exceeding as regards physicians fifty (50) per cent of the main salary which they may be receiving as employees of the Commonwealth of Puerto Rico, or of any municipality of the Commonwealth; and, Provided, further, That nothing herein contained shall be deemed to affect or modify any provisions of existing laws wherein the enforcement of this section is directed, either wholly or in part, to be suspended." (Italics ours.)

the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud *inter partes,* without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action." 7 Moore's Federal Practice 512–513.

Our case law has recognized that ". . . the preparation, use, and presentation at the hearing of the case of false evidence obtained by the adverse party by means of bribery and instigation to commit perjury . . ." constitutes *fraud upon the court. Martínez* v. *Superior Court, supra.* And in *Calderón Molina* v. *Federal Land Bank, supra* at p. 693 the rule for fraud upon the court was applied where the party against whom judgment was rendered was never duly summoned.[5]

In the instant case a constitutional rule allegedly violated is invoked as the basis for the motion for relief. Without anticipating our opinion, it is possible that when, actually, in the appropriate case, a constitutional provision is involved and there is an impaired public interest which extends beyond the private interest of the parties in the suit, the courts may entertain the challenge of their judgment without any limiting period whatsoever.

█ The case at bar is not that type of case. Here the trial court ordered the municipality of Coamo to pay the unpaid salaries to plaintiff as a result of wrongful discharge. The wrongful discharge is the basis of the judgment. The remedy does not constitute a remuneration for *services rendered* but, rather, a monetary *compensation* traditionally granted in these cases. The salary is only the basis of the compensation, the measure for its computation.

---

[5] In our opinion it was unnecessary to apply the rule for fraud upon the court in the case cited since Rule 49.2 provides that the court is empowered, without the limitation of the six-month period, ". . . (b) to grant relief to a party not actually notified."

■ Article VI, § 10, of the Constitution, in providing that "No person shall draw a salary for more than one office or position in the government of Puerto Rico" has the purpose of preventing the same person from discharging two offices or positions in the government at the same time, and drawing two salaries by virtue of said offices or positions. The purpose is not to prohibit every type of additional compensation to the salary of the officers or employees of the government. 2 Journal of Proceedings of the Constituent Convention of Puerto Rico 932; Vol. 3, pp. 1973–1975.

In the instant case Mrs. Ramos did not discharge two offices or positions drawing salaries during the same period of time. Her right to compensation as computed arises from the wrongful discharge of which she was object, her right thereto not being affected by the fact that she worked and received a salary during part of the period of the wrongful discharge.[6] *Torres Cartagena v. Sec. of Education*, 94 P.R.R. 660 (1967) ; *Soto v. Personnel Board*, 85 P.R.R. 784 (1962). As stated in *Torres Cartagena* (p. 665) :

". . . The right to receive full pay is the guarantee the teacher has to prevent the arbitrary preferment of charges. The mere preferment affects the reputation of a person. The lawmaker intended to protect the teacher from said possibility. On the other hand, the teacher needs earnings to pay for his living expenses. It should not be expected that he wait arm-folded for the final result of the charges preferred against him. Certainly the guarantee entailed by the payment of the full salary would be destroyed, if we should establish the rule for deducting the earnings received by the teacher during his wrongful discharge."

In *Torres Cartagena* petitioner drew a salary in a position with a private enterprise during the suspension period. In the

---

[6] Section 177 of the Political Code of Puerto Rico, 3 L.P.R.A. § 551, forbids any extra compensation to any officer or employee of the government "for any personal or official service whatsoever." This provision is not applicable to this case; this is not extra compensation for *services rendered*, but rather for services which were *not* rendered, and which were not rendered by reason of the wrongful discharge.

case at bar the position Mrs. Ramos discharged during her wrongful discharge was for the government. We see no difference in this fact. The remedy in these cases has a purpose which extends beyond the interest of compensating the victim. Moreover, it serves as a restraint to prevent wrongful discharges and the disturbance which it may cause to a sound public administration. Said purpose is not attained by refusing access to the public service to those victims of wrongful discharges.

Judgment will be rendered quashing the writ issued and affirming the order object of appeal.