**22 C. C. P. A. (Patents)**

### In re REED et al.
### Patent Appeal No. 3385.

Court of Customs and Patent Appeals.
April 29, 1935.

Rehearing Denied May 27, 1935.

Chappell & Earl, of Kalamazoo, Mich., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 7 and 11 in appellants' application for a patent for an alleged invention relating to an apparatus for manufacturing gas from coal.

The claims read:

"7. An apparatus for manufacturing gas from coal comprising an externally heated tumbling barrel retort divided into sections by screen partitions, tumbling elements within each section for grinding the solid material, an externally heated retort, connections for said distilled material and connections for delivering the solid material hot to an externally heated retort or passage, and means for introducing steam into the passage to convert the heated powdered material to water gas.

"11. An apparatus for manufacturing gas from coal comprising an externally heated tumbling barrel retort with heat conducting tumbling elements therein for distilling the volatiles and pulverizing the solid matter, an externally heated retort or passage to receive the heated powdered carbon material, and means for introducing steam into the said last retort."

The references are: Benner, 1,097,513, May 19, 1914; Hornsey, 1,159,675, November 9, 1915; Summers, 1,549,160, August 11, 1925; Reed et al., 1,696,731, December 25, 1928; Davies, 1,784,985, December 16, 1930.

It will be observed from the appealed claims that appellants' apparatus comprises, in combination, a coke making device, and an externally heated retort or gas generator.

The patent to Benner relates to improvements in the manufacture of gas, and discloses, in combination, externally heated

908

vertical retorts, in which coal is converted into coke, and externally heated horizontal retorts or gas generators, into which the coke and also steam are introduced for the purpose of forming water gas.

The patent to Hornsey relates to a method of manufacturing gas, and discloses, in combination, among other things, a retort in which coal is converted into coke, and a retort or gas generator, into which the coke and also steam are introduced for the purpose of forming water gas. It appears from the patentee's specification that the carbonaceous material, which may be coal, "is preferably pulverized or in any other conveniently divided form"; that the apparatus was designed for continuous process in the manufacture of gas from coal, or other carbonaceous material; and that the coke which is introduced into the gas generator is heated.

The patent to Summers relates to an improved method and apparatus for the production of gas in a continuous operation and discloses, in combination, an apparatus for the "formation of coke and the production of gas therefrom by the water gas process" in a gas generator by the introduction of the coke and also steam into the gas generator.

The patent to appellants, Reed et al., disclosed and claimed, among other things, an apparatus for converting coal into coke of the particular type involved in the appealed claims.

The patent to Davies relates to an apparatus for gasifying bituminous coal or other suitable fuel. It includes a rotary carbonizer for the conversion of coal into coke, and a rotary water gas generator, into which the coke and also steam are introduced.

The involved combination comprises appellants' patented apparatus for converting coal into coke, and an externally heated retort or water gas generator, disclosed by the prior art, for the purpose of making water gas.

The Primary Examiner rejected the appealed claims on two grounds; namely, first that they were " * * * drawn to the old combination of a carbonizer and water gas generator as retort 16 is a water gas generator. This combination is shown to be old by either Summers, 1,549,160; Hornsey, 1,159,675; Benner, 1,097,513, or Davies, 1,784,985. Summers shows coal carbonizing or distillation retort 6 from which coke is passed through connection 24 and

screen 25 into water gas generator 29 having steam admission 31. Hornsey shows rotary tumbling coal distillation retort B, connection 17 for passing the coke into water gas generating retort C. Benner shows, in Fig. 4, externally heated coal distillation retort 11 and externally heated water gas generating retort 10. Davies shows a carbonizer 6 and water gas generator 7, both of which are rotary, * * * " and, second, that they were unpatentable over appellants' patent, which, it will be observed, was copending with the involved application, for the reason that " * * · * The carbonizer or rotary tumbling retort of 1,696,731 is the same as in this application as stated by applicants on page 10, lines 1 to 4 of the specification. In 1,696,731, applicants show a furnace 19 in combination with the rotary retort 8. In this application, water gas generating retort 16 has been substituted for furnace 19 of patent 1,696,731 which has air inlets 195 and 197. Thus combustion gases are produced in furnace 19 of the patent, while water gas is produced in chamber 16 of this application. Thus the differences are those of process features."

It may be said in explanation of the decision of the Primary Examiner that certain process claims were presented and allowed in the involved application.

In its original decision affirming the decision of the Examiner, the Board of Appeals, among other things, stated:

"The claims were rejected as drawn to an old combination of a carbonizer and water gas generator which is said to be shown in the patents to Summers, Hornsey, Benner, or Davies. The patent to Summers may be taken as an example of this combination of a distillation retort and water gas generator. A rotating screen 25 is shown in Summers through which the carbonized product is passed and this product is discharged into a container where steam is admitted for the production of gas.

"The claims involve specific structure of the tumbling barrel retort which is not shown in these references having a combination but which has been shown and claimed in appellants' patent No. 1,696,731 and it appears to be the position of the examiner that there is no new combination in using this specific distillation apparatus in the old combination of Summers or other patents for producing the same result.

"We are of the view that the substitution of this coal treating apparatus on which appellants have secured a patent into the old combination such as the Summers patent would not amount to a new and patentable combination and that the rejection of the examiner is proper."

Appellants filed a petition for rehearing.

In its decision denying the petition for rehearing, the Board adhered to the views expressed in its original decision, and, in explanation thereof, said:

"Appellants have secured a patent on claims for this coke making apparatus as indicated, for example, in claims 9 and 10 of patent No. 1,696,731 and it is our view that the substitution of this specific apparatus for making coke into an old combination for making gas wherein this specific coking apparatus merely takes the place of another coking apparatus does not produce a new and patentable combination for making gas.

"It is noted also that the examiner pointed out in his statement that externally heated water gas generating retorts are shown to be old as at 10 in the patent to Benner. It is our view that if this rejection on the old combination in view of appellants' patent is not considered sound, the rejection on the patent No. 1,696,731 would certainly be ineffective and therefore it has not seemed necessary for us to consider that rejection.

"Appellants refer to the process claims which have been allowed by the examiner but it is noted that these claims differ in scope from the present claims in that, for example, they include the steps of distilling away and collecting the liquids. The present claims on appeal do not include any mechanism for collecting the liquids, for example."

It is contended by counsel for appellants that appellants' patent No. 1,696,731 is not a proper reference; that the application upon which the patent issued was copending with the application here involved; that, furthermore, the patent does not disclose the means which would enable the production of water gas by the introduction of steam in an externally heated retort or gas generator to react upon powdered coke in order to produce water gas; that the apparatus disclosed and claimed in appellants' patent "is not a gas producer"; and that there is "no provision for deliver-, ing and utilizing the gas or for producing gas in this apparatus."

Counsel for appellants further contend that appellants' device is new and useful, and is not suggested by the references of record, either singly or in combination, and that, therefore, the appealed claims are patentable.

As hereinbefore noted, the Board of Appeals was of opinion that the substitution of appellants' apparatus for converting coal into coke, for which they secured patent No. 1,696,731, for another coke making apparatus, disclosed in the prior art, in combination with an externally heated retort or gas generator into which finely powdered coke and steam are introduced for the purpose of forming water gas, is not a new and patentable combination, because, as we understand its decision, any improved results obtained by means of appellants' apparatus were not due to any co-operative relation between the elements of the combination—the coke making device and the gas generator, but rather to improvements in the coke making device, for which appellants received a patent.

We are in entire agreement with the views expressed by the Board of Appeals. Appellants' device is novel, because they have combined a new and patented coke making device with an old water gas generator. It may be that improved results were obtained by such combination. However, there is nothing of record to indicate that there is any novel co-operation between the coke making device and the retort or water gas generator. On the contrary, the record is entirely consistent with the views expressed by the Board of Appeals, that there is no new and patentable co-operation between those elements, and that the improved results claimed by appellants to be obtained from such combination are due to the improved coke making element contained therein, for which they received a patent. Accordingly, appellants' claimed combination does not involve invention. See In re Germantown Trust Co., Executor, 57 F.(2d) 365, 366, 19 C. C. P. A. (Patents) 1140, wherein this court held that: " * * * A combination, to be patentable as such, must disclose a novelty of co-operation between its elements which produces a new result and amounts to invention, and the mere fact that some elements are themselves novel and possibly patentable as individual elements does not render the combination containing them patentable in

the absence of such novel co-operative relation in the combination itself."

It is true, as argued by counsel for appellants, that as appellants' application upon which they secured patent No. 1,696,731 was copending with the involved application, their patent is not prior art. However, we find nothing in the decision of the Board of Appeals to indicate that it treated it as such. It simply held that combining appellants' patented coke making apparatus with an externally heated retort or gas generator did not amount to a new and patentable combination, because, in view of the prior art, there was no new and patentable co-operation between those elements.

The decision of the Board of Appeals is affirmed.

Affirmed.