Garry W. TODD, Appellant,

v.

SEARS, ROEBUCK AND COMPANY, Appellee.

No. 6859.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 12, 1954.

Decided Nov. 8, 1954.

Sears—that the claims of the patent were not supported by a "written description." Since we think the District Court was clearly right in its decision that the patent in suit was invalid for lack of patentable invention, and this is sufficient to affirm the judgment below, we do not think it necessary to pass upon the other defenses.

The patent in suit, No. 2,126,357, according to plaintiff's brief:

"* * * is concerned with an improved tractor hitch for a sulky or two wheel tractor wherein the load-pulling draw bar is connected to the tractor in such a manner as to cause the load being pulled by the tractor to counteract the torque of the tractor engine. This tends to keep the tractor in balance and to increase traction resulting in greater pulling power and an effective lightening of the load being pulled. The invention is not concerned with the entire tractor but only with the tractor hitch in combination with a tractor of this type, that is, two wheel or sulky."

The two claims of this patent read:

"1. The combination with a tractor of the sulky type, of a hitching device, comprising a draw bar, means for pivotally connecting the draw bar to the tractor frame at a point substantially one-half of the distance between the front end of a tractor frame and axles of the tractor, and means for restricting vertical movement of the rear end of the draw bar.

"2. The combination with a tractor of the sulky type, of a hitching device comprising a draw bar, means for pivotally connecting the forward end of the draw bar to the tractor at a point substantially one-half of the distance between the front end of a tractor frame and axles of the tractor, and spaced horizontal guide bars between which the draw bar is mounted, whereby vertical movement of the rear end of the draw bar is restricted."

Paul B. Bell, Charlotte, N. C. (Paul B. Eaton and Eaton & Bell, Charlotte, N. C., on the brief), for appellant.

Stephen H. Philbin, New York City (Frank H. Kennedy, Charlotte, N. C., and Nathan N. Kraus, Chicago, Ill., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BOREMAN, District Judge.

DOBIE, Circuit Judge.

This is a civil action filed in the United States District Court for the Western District of North Carolina by Garry W. Todd against Sears, Roebuck and Company (hereinafter called Sears), for the alleged infringement of a patent. The District Court decided in favor of the defendant on four grounds: (1) the invalidity of the patent for lack of invention; (2) no infringement of the patent by the accused device by Sears; (3) the claims were too indefinite and vague; and (4) there was no proper oath by the patentee. The District Court did not pass on a fifth defense by

It seems clear that there are only two distinctive features claimed for the Todd patent. One is that the forward end of the draw bar is pivotally connected to the tractor frame at a point substantially one-half of the distance between the front end of the tractor frame and the axles of the tractor. The other is a device of "spaced horizontal guide bars between which the draw bar is mounted, whereby vertical movement of the rear end of the draw bar is restricted."

 The Todd patent is a mere paper patent which has never been put into production and is in no sense a pioneer. It is, on the contrary, a combination patent in·a crowded field. This makes peculiarly apposite here the statement of Mr. Justice Jackson in the celebrated case of Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Co., 340 U.S. 147, 152–153, 71 S.Ct. 127, 130, 95 L.Ed. 162:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a ·patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources ·freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

And, in Lincoln Engineering Co. of Illinois v. Stewart-Warner Corporation, 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008, Mr. Justice Roberts remarked:

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention. And the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination."

See, also, Deering v. Winona Harvester Works, ·155 U.S. 286, 302, 15 S.Ct. 118, 39 L.Ed. 153; Underwood v. Gerber, 149 U.S. 224, 227, 229, 13 S.Ct. 854, 37 L.Ed. 710; In re Reed, 76 F.2d 907, 909, 22 C.C.P.A., Patents, 1182; Alemite Corporation v. Lubrair Corporation, 1 Cir., 62 F.2d 899, 901; Radio Corporation of America v. Lord, 3 Cir., 28 F.2d 257, 260.

Taking the second element of the Todd patent first, we find nothing whatever that is novel about the "spaced horizontal guide bars between which the draw bar is ·mounted, whereby vertical movement of the rear end of the draw bar is restricted." Such devices, and similar mechanical equivalents, to control and restrict the vertical movement of a part of a machine are quite numerous in the prior art and they are very, very old. And such bars have been used on tractors for many years, as Ritchie and Nutt testified. Further, such a device to perform the desired function here would readily occur to any mechanic skilled in the art. We might note that counsel for Todd, both in the briefs and oral argument, laid very little stress on this feature of the patent.

Todd's counsel rely heavily upon the first element of the patent, the pivotal connection of the forward end of the draw bar to the tractor frame at a point substantially one-half of the distance between the front end of the tractor frame and the axles of the tractor. The word "substantially" here is not happy; it is quite vague and indefinite. Evidently, Todd claims a wide range under this word, for he claims the accused

device is within the patent, when the hitch point is approximately 59% of the distance in question. And Todd testified that he would rather not state whether 40% or 60% or 75% or 80% would be within the patent. Certainly the use of this word in patent claims has not met with favor at the hands of the federal courts. United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236, 63 S.Ct. 165, 87 L.Ed. 232; General Electrict Co. v. Wabash Appliance Corp., 304 U.S. 364, 369, 373, 58 S.Ct. 899, 82 L.Ed. 1402; Barkeij v. Lockheed Aircraft Corporation, 9 Cir., 210 F.2d 1, 2; General Motors Corporation v. Estate Stove Co., 6 Cir., 201 F.2d 645, 646; Steel Wheel v. B. F. Goodrich Rubber Co., 6 Cir., 27 F.2d 427. Nor is the meaning of this term made clear by the specifications of the patent.

 The Todd designation of the hitch point is open to the further objection that it is a mere matter of degree rather than substance. Aasland and Ritchie testified that there was nothing "critical" in the halfway distance of the hitch point over any other distance. Observations of federal judges on this point are quite germane here.

Thus, said Circuit Judge Huxman in Tropic-Aire, Inc., v. Cullen-Thompson Motor Co., 10 Cir., 107 F.2d 671, 674:

"A mere carrying forward of a known principle, or change in form, size, proportions or degree, or doing the same thing in the same way by substantially the same means, with better results, is not in itself invention."

In Hobart Manufacturing Co. v. Landers, Frary & Clark, 26 F.Supp. 198, 202, District Judge Thomas stated:

"* * * a mere difference or change in the mechanical construction in size or form of the thing used, in order to obviate known defects existing in the previous devices, although those changes are highly advantageous, and far better and more efficacious and convenient, does not make the improved device patentable."

Said District Judge Lindley in Ronning Machinery Co. v. Caterpillar Tractor Co., 7 Cir., 129 F.2d 70, 72:

"With all these and other readily accessible teachings shown in the record before him, Winsor did nothing more than attach a well known road grader to the front of an ordinary tractor, employing in the attachment a three-point suspension, a well known expedient, and placing the operator's station at a point where he could, with well known means, both steer the machine and operate the grader at one and the same time. Moving the tractor to the rear, even had it not been taught by the prior art, was a mechanic's choice. Mere reversal of parts or change in proportions, such as increase in strength, size or weight is not usually deemed sufficient to constitute achievement of invention."

See, also, Pearson Sanding Machine Co. v. Williams Furniture Co., 4 Cir., 132 F.2d 55; Bituminous Products Co. v. Headley Good Roads Co., 3 Cir., 2 F.2d 83, affirmed 14 F.2d 667; Brady Brass Co. v. Ajax Metal Co., 3 Cir., 160 F. 84.

 The most serious objection to the Todd patent, we think, is that it clearly lacks invention over the disclosures in the prior art. Thus, the Hoffman article ("A Study of Sidedraft and Tractor Hitches," University of California Press, 1922, page 135) describes a "radially swinging draw bar" as connected about halfway between the rear axles of a four-wheel tractor and the tractor front. The half-way hitch point is clearly suggested in the Funk patent, No. 1,189,207. It is further indicated in the Blair patent, No. 1,414,770 and the Hake patent, No. 1,869,876. A hitch point forward of the axles of the tractor is found in the Hamilton patent, No. 1,701,107, and in the Donald patent, No. 1,811,175. Ritchie, an expert of wide experience in tractor hitches, testified:

"Almost every conceivable location, that is the best way I might answer it, sir. I have seen them

located far forward and far to the side, any place it could be attached."

It seems that neither these prior patents nor the Hoffman article was cited by the Patent Office against the Todd application.

For the reasons suggested, the decree of the District Court is affirmed.

Affirmed.