**INGLETT & COMPANY, Inc., a corporation of Georgia, Appellant and Cross-Appellee,**

v.

**BAUGH & SONS COMPANY, a corporation of Pennsylvania, Appellee and Cross-Appellant.**

**No. 7713.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 20, 1958.

Decided Nov. 6, 1958.

Richard Spencer, Stamford, Conn., and Robert R. MacMillan, Norfolk, Va., for appellant and cross-appellee.

Samuel J. Stoll, Jamaica, N. Y., and Thomas H. Willcox, Jr., Norfolk, Va. (Percy Freeman, New York City, on brief), for appellee and cross-appellant.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and BARKS-DALE, District Judge.

SOPER, Circuit Judge.

This appeal is taken from a judgment of the District Court by which the Inglett patent No. 2,705,607 for an improved method of bagging bulk materials was declared invalid. The patent was issued April 5, 1955, to Wilfred L. Inglett, assignor to the plaintiff corporation, on an application filed by Inglett on June 12, 1933. The patent describes a bag filling method used in connection with a bag filling machine and a conveyor to remove the bags after they are filled. The purpose is to handle bulk materials expeditiously and economically between the bin or hopper where they are stored and the delivery conveyor to which they are presented in a continuous series of accurately measured bags of paper or burlap, each weighing 100 or 200 pounds. The materials are fed from the bottom of the bin to a horizontal belt by which they are carried to a point above a vertically disposed weighing and bagging machine. At this point they fall by gravity into a weighing hopper where the desired amount is accurately weighed. The bottom of the hopper is maintained in a closed position by means of a pair of oppositely acting gates which check the fall of the material long enough to weigh it and are then actuated to open quickly to dump the contents of the hopper in the form of a fast moving "slug" through a chute and spout into a bag positioned directly beneath the spout and above the conveyor belt. The impact of the material upon the bag causes it to drop quickly to the conveyor, whence it is simultaneously carried away. The inventor testified that the speed of the operations depends in a measure upon

the weight of the materials, since the heavier materials leave the weigh hopper more quickly. The specification of the patent states that in bagging fertilizer as many as twenty operations per minute may be had.

The improvement in the method on which the claim of novelty is chiefly based is directed to the point at which the material flows from the spout of the hopper and strikes the bag, causing it to fall upon the moving conveyor belt. The District Judge made the finding, which is supported by the evidence, that this step constitutes the crux of the invention, and is the element of the operation which led to the issuance of the patent. It is pointed out in the patent that in the prior art the operator generally removed the filled bag from the spout by hand and carried it to a conveyor or lowered it to a stationary platform. This method involved supporting the bag at the spout while it was being filled with weighty material and then disposing of it. The patented method eliminates this manual labor. The empty bag is held lightly to the spout by the operator and allowed to fall away when it is struck by the fast-moving slug of material. The claims of the patent describe this step as applying an open-mouth bag to the spout in position to receive the material "and thereupon holding said bag in said position with a force which is insufficient to withstand the impact of the slug striking the same, whereby bags fall away from the spout and drop to the said supporting surface" and then removing the filled bags as they drop to clear the space beneath the spout for the next operation.[1] The District Judge held that this method had met with considerable commercial success as a laborsaving device.

The District Judge found it unnecessary to decide whether this improvement rose to the dignity of patentable invention, for he found from the evidence that essentially the same practice had been in public use more than a year prior to the application of the patent and was therefore invalid under the terms of the patents statute, 35 U.S.C. § 102. Testimony to this effect was contained in two depositions of A. R. Geberin, the plant manager of Arcady Farms Milling Company in Chicago, where operations on a large scale in bagging processed feed for domestic fowl had been carried on for years before the patent application was filed. One of these depositions was taken for use in a suit of the plaintiff against Everglades Fertilizer Company, Inc., for the infringement of the patent in the District Court for the Southern District of Florida and was introduced by stipulation of the parties in the pending case. In the Florida case the District Judge gave summary judgment for the defendant on the strength of the Geberin deposition and certain affidavits of counsel, but this judgment was reversed and the case remanded for trial in the traditional way by the Court of Appeals for the Fifth Circuit, Inglett & Company v. Everglades Fertilizer Company, 255 F.2d 342, 343, on the ground that factual issues were presented which could not be resolved by summary judgment. Pending the appeal in the Florida case, a second deposition of the witness Geberin was taken by the plaintiff for use in this present case.

1. Claim 1 of the patent, in which the crucial element has been italicized, is as follows:

"A method of bagging bulk materials which comprises the steps of supplying a succession of measured quantities of material in the form of fast-moving slugs falling by gravity at substantially regularly spaced intervals from a generally vertical spout disposed above a horizontal supporting surface, in the interval between each two successive supplying operations applying an open-mouth bag to the spout in position to receive the next slug of material falling therefrom, and thereupon *holding said bag in said position with a force which is insufficient to withstand the impact of the slug striking the same, whereby the bags fall away from the spout and drop to said supporting surface* responsively to the slugs being received in the bags, and removing the filled bags as they drop to the supporting surface thereby to clear the the space beneath the spout for the next bag-filling operation."

Motion for summary judgment was also filed here by the defendant but it was refused by the District Judge, who proceeded to make findings on the evidence and reached the conclusion that the patent was invalid on account of prior public use.

The District Judge found that a machine for weighing one type of feed was installed in the Arcady plant in 1944 and thereafter was so operated that the bags were held in position at the spout beneath the hopper "with a force"—to use the words of the claims of the patent—"which is insufficient to withstand the impact of the slug striking the same, whereby the bags fall away from the spout and drop to said supporting surface responsively to the slugs being received in the bag." He also found that for another type of feed a second machine was in use by Arcady from 1947 to 1951, in which substantially the same method of operation was used, the bags being permitted to drop to the supporting surface. Prior to 1954, in the first case, and prior to 1951, in the second case, the bags were permitted to drop to the supporting surface under the weight of the material and were thereafter moved by hand; but after these dates movable conveyors were substituted. In each case, both before and after the change, the bags were not supported by the operator but were allowed to fall of their own weight. We are in accord with the finding of the District Judge that the proof of invalidating public prior use was clear and convincing.

The evidence indicates that the Arcady machine functioned more slowly than the patented device and took a longer time to deposit a weight of material into the bag. The downward movement of the bag was retarded somewhat so that it might be held at the spout long enough to receive the material. This occurred because the material was lighter than the fertilizer mentioned in the patent and because the spout of the Arcady machine was placed at an angle so that the material did not flow as speedily as it does through the vertical funnel described in the patent. However, the bag in the Arcady method was not held against the weight of the material but was permitted to ride down the spout as soon as the flow of material began and continued to fall as the weight of material increased until it dropped off the end of the spout. Comparison shows that under the patented method twenty 100-pound bags per minute are filled and carried away as against twelve or thirteen 50-pound bags per minute on the Arcady machine. This difference, however, is only a matter of degree and has no patentable significance. See Todd v. Sears Roebuck & Co., 4 Cir., 216 F.2d 594, 597. The Arcady method includes the crucial element described in the claims of the patent.

The judgment of the District Court directed that each party bear its own costs. The District Judge departed from the usual rule that the prevailing party recover the costs because he was convinced that defendant's counsel interfered with the prosecution of the plaintiff's case by informing the witness Geberin that he need not appear in answer to the summons of the court since he resided outside the district. On this account the witness Geberin did not appear and the plaintiff was obliged to take his deposition in Chicago. Undoubtedly the defendant's attorney correctly advised the witness that he was beyond the jurisdiction of the court, but, nevertheless, there was ground for the judge's conclusion that but for defendant's interference the witness would have made a personal appearance. The imposition of part of the costs upon the defendant is subject of a cross-appeal on its part. We find no error in this respect and the judgment of the District Court is therefore affirmed in its entirety.

Affirmed.